## HUNT *vs.* WALLIS and others.

A chamber order made by a vice chancellor or an injunction master, giving further time to answer, and not entered in the minutes as an order of the court, is a mere nullity if not authorized by the 125th rule; and an application to set aside such an order is unnecessary.

A vice chancellor has no power to make a chamber order, in a suit before him, except were he is authorized by a general rule. But an order made by the vice chancellor before whom the cause is pending will be deemed as made in court and not as a chamber order, where it is drawn up and entered with the clerk as an order of the court.

An irregular order made by the court and entered as a special order, although made ex parte, is not void, but remains in force until it is set aside by the court, or is waived by stipulation.

Where several applications in a cause are decided at the same time, if the party who draws up the order on such decisions neglects to state therein a part of the directions of the court which were given, the adverse party, instead of entering a seperate order, should propose amendments to the first order as drawn up; or he should apply to have such order corrected so as to embrace therein the whole directions given by the court on such applications.

Where a party drew up and entered an order not warranted by the decision of the court, and appealed therefrom, and the court afterwards set aside the order as improperly entered, the appellate court, upon the application of the respondent, ordered the appeal to be dismissed.

Where the respondent draws up and enters an order which is appealed from by the adverse party, it does not lie with the respondent to object that such order is not in conformity to the decision of the court, as to the part thereof which is appealed from. But the court by whom the order was made may direct the order to be corrected, so as to conform to the decision, notwithstanding the appeal. And if the order is thus entered, the appellant is at liberty to elect either to abandon the appeal or to consider it as applicable to the order as amended.

1837.

Hunt
v.
Wallis.

The court of chancery does not open an order to take the bill as confessed in a foreclosure suit, or in any other case in which the defendant has an interest to delay the proceedings, on a mere affidavit of merits although the default is excused. But the sworn answer which the defendant intends to put in must be produced; or he must state in his affidavit or petition to open the default, the nature of his defence and his belief in the truth of the matters constituting such defence.

The affidavit of the solicitor, showing a meritorious defence and the nature thereof, is not sufficient unless he is himself acquainted with the facts ; and even then a sufficient excuse must be shown for not producing the affidavit or sworn answer of the defendant.

March 21.

THIS case came before the court upon two appeals by the complainant upon orders considered as entered with the clerk of the first circuit ; and also upon an application to dismiss both appeals under the following circumstances. The bill and notice of the order to answer were served on the 29th of December. On the 8th of February, after the time for answering had expired, the defendant's solicitor obtained from the vice chancellor a chamber order extending the time for answering thirty days ; which order was served the same day upon the law partner of the complainant's solicitor. But the chamber order being considered irregular, an order was entered on that day to take the bill as confessed and notice thereof was given to the defendant's solicitor. The complainant's solicitor afterwards gave notice of an application to the court to set aside the chamber order for irregularity, with costs. And the solicitor of the adverse party made a cross application, at the same time, to set aside the order taking the bill as confessed and all subsequent proceedings, for irregularity, with costs, and to allow the defendants thirty days to answer; or for such other order as the court might see fit to grant. Both motions were heard together, on the 20th of February; and the next morning the vice chancellor decided that the chamber order should be set aside without costs to either party, but that the order to take the bill as confessed should also be vacated, and the defendants allowed twenty days to answer the bill, upon payment of costs. The clerk, however, misunderstood the decision of the vice chancellor, and made an entry in his rough minutes that the motion to vacate the

order taking the bill as confessed was granted upon payment of costs, and that the cross motion to set aside the chamber order was denied, but without costs. The defendant's solicitor thereupon drew up an order, and entered it with the clerk the same day, reciting the hearing of the motion and cross motion, and directing that the order to take the bill as confessed be vacated, and that the defendants have twenty days to answer, on payment of the costs of the defendants' motion, but that no costs be allowed to either party on the complainant's motion; a certified copy of which order was served upon the complainant's solicitor. On the next day thereafter the complainant's solicitor drew up and entered with the clerk another order, denying the motion to vacate the chamber order of the 8th of February without costs to either party. And on the same day he entered seperate appeals from this order and from the order drawn up and entered by the defendant's solicitor. A notice was immediately given to the complainant's solicitor to attend before the vice chancellor to correct the orders according to the decision which had been made upon the motions. The vice chancellor after hearing the parties, directed the order drawn up on the part of the complainant, and delivered to the clerk to be entered, to be withdrawn from the files of the court, the same not having been entered in the book of orders. And he also directed the order entered by the defendant's solicitor to be amended so as to conform to the decision, by adding a clause thereto directing the chamber order of the 8th of February to be set aside. The complainant's solicitor protested against this proceeding, on the ground that he had appealed from the orders. And although the defendant's solicitor offered to permit him to withdraw the appeals, he insisted upon going on with the same, and noticed them for hearing before the chancellor.

*J. Greenwood*, for the appellant.

*C. Edwards*, for the respondents.

1837.

Hunt
v.
Wallis.

1837.

Hunt
v.
Wallis.

THE CHANCELLOR. It is not very material to the rights of the parties whether this cause is disposed of upon the appeals from the orders as originally entered, or upon the motion to dismiss the appeals in connection with the order as amended by the vice chancellor to conform to his decision. The result in either case will be the same, as the order drawn up by the complainant's solicitor is not erroneous, even in the form in which he thought fit to enter it. A chamber order granted by an injunction master, or by a vice chancellor out of court, giving further time to answer, is a mere nullity if it is not authorized by the 125th rule; and an application to the court to set it aside is an entirely useless proceeding. In this respect it is entirely different from an irregular order made by the court upon an ex parte application, which remains in force until it is set aside. Although the suit or proceeding is before a vice chancellor, he has no jurisdiction or authority to make a chamber order to affect the proceedings in the cause, except so far as such an order is authorized by some general rule. But as the court is always open, an order made by him at his chambers is considered as made in court, provided it is regularly drawn up and entered with the clerk as an order made by him in court. In this case the order for further time to answer after the expiration of the forty days would have been perfectly regular if, instead of its being made and served as a mere chamber order, the vice chancellor had directed an order to the same effect to be entered with the clerk, and the same had been so entered and served before the entry of the order to take the bill as confessed. But the complainant's solicitor having treated the chamber order as a nullity, as he was authorized to do, was himself in an error in afterwards applying to set it aside with costs. And as he had asked for costs in his notice, and thereby compelled the adverse parties to appear and oppose the motion to save themselves from costs, the vice chancellor would have been authorized to deny the motion, and to give the adverse parties the costs of opposing such a useless application. If, therefore, the appeal from the order entered by the complainant is not dismissed upon the ground that the vice

chancellor never made or intended to make such an order, the order itself should be affirmed; because it would not have been erroneous for the vice chancellor to have denied the complainant's application if he had thought proper to do so.

But the whole proceedings in relation to this separate order and the appeal from the same were erroneous; and that appeal must be dismissed. If there was any real dispute as to what the decision of the vice chancellor actually was, his certificate and directions to the clerk is better evidence of what he intended than the rough minutes of the clerk, who without knowing all the facts of the case is very liable to misapprehend the details of a decision. In this case it is evident the clerk misunderstood some part of the directions which were actually given, as nothing is said in the rough minutes relative to allowing the defendants twenty days to answer, which was unquestionably embraced in the decision. Where several applications are decided or several directions in a cause are given at the same time, by the court, it has already been intimated in a reported case that it is improper to enter separate and distinct orders for the purpose of swelling the costs, or of rendering several appeals necessary. (*Gregory & Selman* v. *Dodge,* 2 *Paige's Rep.* 90.) In such cases, unless the court shall otherwise direct, the whole should be embraced in one order. And if the party entitled to draw up the order does not embrace the whole which the adverse party wishes to have inserted, the latter should apply to have the order corrected so as to conform to the decision.

In this case the order as drawn up by defendant's solicitor and served, purported to contain the decision of the court upon both applications; and it actually contained a direction as to the costs of the complainant's application, which was all that was material. It was therefore wholly irregular for the complainant's solicitor to attempt to enter another and distinct order upon that application. But if he supposed it to be for the interest of his client that it should appear whether the application to vacate the chamber order was granted or denied, he should have applied to have the

order as drawn up by the other party corrected by insert-ing a proper clause on that subject. And he could not by drawing up and appealing from an order which the vice chancellor had never made or authorized to be entered, compel this court to hear and decide such an appeal, or de-prive the vice chancellor of the power of expunging from the records of his court such an unauthorized order. The defendants have also adopted the proper course to test the correctness of the proceedings of the vice chancellor with respect to that order, by this application to dismiss the ap-peal from the supposed order which is no longer in ex-istence.

The appeal from the order entered by the defendants' solicitor depends upon principles somewhat different. As the defendants themselves had caused that order to be drawn up and entered, and had served a certified copy of it upon the adverse party, it does not lie with them to say that the appeal from the order thus entered was irregular ; al-though the order did not contain all the directions which the vice chancellor intended should be inserted therein. But the vice chancellor himself had a right to direct the order to be corrected, and to give the complainant the benefit of that part of the decision which was in his favor, so as to render it unnecessary for him to go on with the appeal if the neglect to insert such a provision was the only ground of complaint. After the correction was made, therefore the complainant was at liberty either to abandon the appeal or to consider it as applying to the order as corrected, which is now the only order in existence. The complainant hav-ing determined to proceed with the appeal, it is to be con-sidered as an appeal from the order of the 21st of February as now correctly entered on the records of the court before the vice chancellor. The application to dismiss this appeal must therefore be denied. And this court will now pro-ceed to examine the order appealed from, and affirm or re-verse it upon the merits.

From what has been before said, it will be seen that the vice chancellor was right in refusing to give to the com-plainant the costs of a useless application, to set aside the

1837.

Hunt
v.
Wallis.

chamber order for further time to answer, which the appellant's solicitor had himself before that time considered and treated as a nullity. That part of the order appealed from must, for that reason be affirmed, even if an appeal would lie from the decision of a vice chancellor, upon the mere question of interlocutory costs which are in the discretion of the court, as to which the contrary is now settled. (*See Winslow* v. *Collins, 3 Paige's Rep.* 88.) The chamber order in this case being absolutely void and inoperative, the order to take the bill as confessed was perfectly regular. It is evident, therefore, that the complainant was entitled to the full benefit of that order, unless the defendants made out such a case as to authorize them to be let in to defend, according to the course and practice of the court. I do not think either of the defendants made out a case entitling them to the relief which was granted by this order. If there was a good defence to the suit upon the merits, the defendant who had such a defence to make was the proper person to state upon oath that such a meritorious defence existed, and to show what that defence was. The affidavit of the solicitor is not sufficient unless he is himself acquainted with the facts constituting the defence; and even in that case a sufficient excuse must be shown for not producing the affidavit or sworn answer of the defendant. Besides it is the settled practice of this court not to set aside a regular order to take a bill as confessed, in a foreclosure suit or in any other case where the defendant has any interest or inducement to delay the proceedings, upon a simple affidavit of merits, although an excuse is given for his default. But in such cases the defendant must either produce the sworn answer which he proposes to put in, so that the court may see that he has merits, or must, in his petition or affidavit, state the nature of his defence, and his belief in the truth of the matters constituting such defence, so far at least as to enable the court to see that injustice will probably be done if the order to take the bill as confessed is permitted to stand. The only one of the defendants in this case who has made an affidavit does not pretend that he has any defence; although he says he advised one of his co-defendants

to put in an answer, as he had a good defence. The order was manifestly wrong in setting aside the default as to Wallis, and giving him further time to answer. And if Barsalon or Hart believed they had a meritorious defence, they were the proper persons to state what. it was. The only thing that has the appearance of a defence is the fact stated in the affidavit of Wallis, that Merritt once claimed to be the owner of the bond and mortgage, and that some one had told Wallis they belonged to Merritt although the suit was brought in the name of Hunt. If the fact was so, it might be a technical defence to the suit, as this court requires the bill to be filed in the name of the real party; but that could hardly be considered as a defence upon the merits. All this, however, is fully explained in the affidavit of Merritt himself, showing that the bond and mortgage were sold and assigned to the complainant, for a full consideration, before the suit was commenced. And even Wallis does not swear that he believes the story which was told him as to the complainant not being the real owner of the bond and mortgage. It is very evident, therefore, to my mind that there is no real defence to this suit, and that the object of the defendants is delay. For these reasons I think the vice chancellor erred in vacating the order taking the bill as confessed as to any of the defendants, and giving them further time to answer. That part of the order appealed from must therefore be reversed with costs; and an order must be entered denying the application which the defendants made to the court below, with costs.

As the defendants have succeeded in their application to dismiss the one appeal, but have failed as to the other, neither party is to have costs upon the motion to dismiss. The whole directions in this court are to be embraced in one order, and the proceedings are to be remitted to the vice chancellor.