WILLIAM R. DOTY vs. ROSWELL S. BROWN.

This case is very similar to the one next preceding—the same principle involved and decided. It being a verdict at the Circuit, (instead of a report of referees,) sought to be reviewed—and was *held*, that such review must be had by case or bill of exceptions under the old law—not under the code. The cause was pending when the code took effect.

Another point is decided in the case, which is a familiar principle under the old practice, to wit, that where the party omits to make and serve his case within the ten days required by Rule 33, he shall be deemed to have waived his right thereto. (Rule 34.) And a justice at chambers cannot grant an order to extend the time, to make a case, &c., *after* the ten days has expired. The party must apply to the court on notice of the motion.

This cause commenced in 1846, was tried before Justice MASON at the Chenango circuit, in December last, and resulted in a verdict for the Defendant. The attorney for the Plaintiff desired to make a case on which to move for a new trial, and supposing that the practice was regulated by the provisions of the code and that the Plaintiff had ten days to appeal after the judgment, he omitted to make and serve his case as required by rule 33 of the court, and within a day or two after the judgment was entered and more than ten days after the trial, the Plaintiff's attorney discovering his mistake, applied to Justice Mason and obtained from him a chamber order giving the Plaintiff twenty days to make and serve a case, and the same time to the Defendant to serve amendments, and staying all proceedings on the part of the Defendant, and *after service of the order* the attorney for the Defendant moves to vacate these orders.

D. GRAY, *for Plaintiff.*
R. BALCOM, *for Defendant.*

MASON, Justice.—I am entirely satisfied, after a most careful examination of the provisions of the code that this case is entirely unprovided for by any of its provisions. The 271st section of the code does not reach the case. It was not a case where either a writ of error or an appeal was allowed before the code, and was not the reviewing of a judgment but

was reviewing the trial of a cause either by a bill of exceptions or a case—and the 280th section of the code is not made applicable to suits pending when the code took effect. The 297th section of the code also is not made applicable to pending suits, and the same is true of section 223 of the code, and in short there is no provision in the code which provides for reviewing the trial of this cause at the circuit, and the party is remediless, however great may have been the errors committed upon the trial, so far as the code gives him any right to review them, and it remains to be considered whether the prior law is so far interfered with as to deprive the party of the right to review the alleged error upon the trial. I do not find any thing in the code regulating the practice in this particular case, and there is nothing in the code in reference to the case under consideration that conflicts in any manner with the former practice in such a case, and I am inclined to think, therefore, that the Legislature intended to leave the practice of reviewing a trial in those suits that were pending when the code took effect as it was before the code. At any rate such is the effect of the legislation upon this subject. The Plaintiff in this case, therefore, was left to the former practice, and which gave him the right to make a case, or bill of exceptions, but by the former practice he must make his case, or bill of exceptions, and serve copy thereof upon the opposite party within ten days. Rule 33 of the court, and by rule 34, it is provided that if a party shall omit to make a case within the time limited, he shall be deemed to have waived his right thereto, and by the former practice, a judge at chambers, at any time during the ten days, might extend the time to make such case, or bill of exceptions, but it has been adjudged, and such was the settled practice, that a judge at chambers could not make an order extending the time to make a case after the ten days had expired. (*Haynes* v. *The Dutchess and Orange Steam Company*, 7 Cowen, 467; Graham's Pr., 331, 2d ed.;) and the only relief which the party had in such a case was by motion to the court. (Graham's Pr., 331; 7 Cowen, 467.) At the time I made the order in this case, giving the Plaintiff twenty days in which to make a case or bill of exceptions, the ten days allowed the party by rule 33 of the court had expired, and it follows that my order of January 9th or 10th, was improperly granted and is a mere nullity, and the same is hereby vacated, reserving to the Plaintiff, if he desire the right, to apply to the court on notice to the Defendant, for leave to make a case or bill of exceptions.