## POWERS v. TRENOR.

*Judgment on foreclosure — not opened on affidavit simply excusing default.*

In a foreclosure action, the defendant was absent from the State, and not served personally; but attorneys, who were instructed to do so by defendant's attorney in fact, who had general charge of his business, appeared for him. *Held*, that even though the attorney in fact was not, under the terms of his power, authorized to employ attorneys to appear and defend the action, they, by their appearance, having secured all the time which would have been required to serve by publication; it not appearing that defendant was not able to procure redress by proceeding against such attorneys personally for such damage as their appearance caused, and their appearance having been in form regular, and the court having obtained jurisdiction thereby, the judgment would not be set aside on the mere ground that the appearance was, in fact, unauthorized.

The settled practice is against setting aside a regular default in a foreclosure action simply upon affidavits excusing it, accompanied by an affidavit of merits.

APPEAL by defendant, John Trenor, from an order at special term, denying a motion by said defendant to set aside a judgment of foreclosure and sale.

The action on which the judgment was rendered was brought by Hollis L. Powers against John Trenor and others, to foreclose a mortgage executed by said Trenor. At the time of the commence-

ment of the action, said defendant was traveling in the State of California.    Other material facts sufficiently appear in the opinion.

*Brown, Hall & Vanderpoel,* for appellant.

*W. Gleason* and *D. McMahon,* for respondents.

DANIELS, J.  The motion made to set aside the judgment in this action, was chiefly placed upon the ground that the attorneys who appeared for defendant did so without authority and without the service of process upon him.    That the summons was not served upon him, either personally or otherwise, is not denied.    But it is claimed that the appearance was by virtue of the authority he had previously conferred upon his son as his attorney, in fact.    The clause which created the authority, if indeed that was broad enough for that purpose, is that which was inserted in the power of attorney executed in 1868, by which the defendant empowered his son to exercise the general control, supervision and management over all his lands, tenements and hereditaments, to keep the same in proper repair, and pay all legal assessments and taxes imposed on the same, and all other and necessary expenses in and about the care and management of the same, giving and granting unto his said attorney full power and authority to do and perform all and every act and thing whatsoever requisite and necessary to be done in and about the premises, as fully to all intents and purpose as he himself might or could do if personally present.

Two later powers were produced in answer to the motion, but the authority conferred by them was to perform specific acts and attend to business particularly described, not including authority to appear in any civil action for the defendant.    And it may well be doubted whether the more comprehensive clause recited should not receive the same construction.    For, although the terms used are general, the authority conferred by them may fully be assumed as being limited to the particular things the attorney was previously authorized to do.

But notwithstanding this defective authority, the person so authorized did employ attorneys to appear for the defendant in this action, upon the apparent supposition that his authority was sufficient for that purpose.    And they in good faith appeared for the defendant while he was absent from the State, securing by doing so

all the time which would have been required for the service of the summons under an order of publication. It is not pretended that these attorneys are insolvent, or that the defendant can not receive ample redress by proceeding against them for any injury he may have sustained by means of their unauthorized appearance, even if that should be in the end determined to be its character. And for that reason, as their appearance was in form regular, the court acquired jurisdiction of the person of the defendant by means of it, and the plaintiff was entitled to proceed upon it in the action. Under those circumstances the judgment recovered was regular between the parties to it, and the settled practice of the court is opposed to setting it aside on the mere circumstances that the appearance was in fact unauthorized. Upon this subject the rule is uniform in courts both of law and equity. *Adams* v. *Gilbert*, 9 Wend. 499; *Hamilton* v. *Wright*, 37 N. Y. 502; *Brown* v. *Nichols*, 42 id. 26; *Am. Ins. Co.* v. *Oakey*, 9 Paige 496.

This was an action in equity to foreclose a mortgage and sell the premises described in it to pay the debt secured by it. In such an action the settled practice has been against setting aside a regular default simply upon affidavits excusing it, accompanied with an affidavit of merits, although in ordinary cases at law the rule is different. The advantages of delay have been deemed sufficient to justify the adoption of more stringent practice than that in this class of cases. In *Hunt* v. *Wallis*, 6 Paige, 371, it was held to be the settled practice of the court of chancery not to set aside a regular order to take a bill as confessed in a foreclosure suit, or in any other case where the defendant has any interest or inducement to delay the proceedings, upon a simple affidavit of merits, although an excuse is given for the default. But in such cases the defendant must either produce the sworn answer which he proposes to put in, so that the court may see that he has merits, or must, in his petition or affidavits state the nature of his defense and his belief in the truth of the matters constituting such defense, so far, at least, as to enable the court to see that injustice will probably be done if the order to take the bills as confessed be permitted to stand. Id. 377; *Winship* v. *Jewett*, 1 Barb. Ch. 173; *Goodhue* v. *Churchman*, id. 596. And as this rule is not inconsistent with any provision made by the Code of Procedure, it is still continued in force. Code, § 469, and Rule 97 of this court.

The application which the defendant made to be relieved from

the default taken against him on the merits was not sufficiently sustained to meet what was required by this rule to render it successful. For upon all the papers produced, it seems to be quite certain that no defense existed against the mortgage debt in his favor. The motion, therefore, was properly denied and the order appealed from should be affirmed with $10 costs, besides disbursements.

*Order affirmed.*