McAdam, Ch. J.
The Code provision (Code Civ. Pro. § 788) that if the last day to perform an act falls upon a public holiday it must be excluded in computing time, does not include the Saturday half-holiday provided for by the Laws of 1887 (chap. 289).
The time to plead herein expired on Saturday, September *268 10, and the answer should have been served on that day. The ex parte order granted on Monday, the 12th inst., ■extending the time to answer was unauthorized, as the time to make such service had already expired, and the defendant’s appropriate remedy was by application to the court, on notice, to be relieved from the default (See Code Civ. Pro. §§ 781, 783, 784 ; Stephens v. Moore, 4 Sandf. 674; Doty v. Brown, 3 How. Pr. 375 ; 1 Tiffany & Smith Pr. 453). The unauthorized ex parte order was therefore properly disregarded (Hunt v. Wallis, 6 Paige, 371). While it is true that orders of the court must not be disregarded, it is equally true that ex parte orders extending time made by a judge out of court, after the statutory time has run, are mere nullities, and may be safely disregarded. Although the court may on notice and after argument relieve from itlie default and extend the time, a judge out of court cannot by a mere ex parte order exercise a jurisdiction vested exclusively in the court while sitting as such (vide ut supra).
The plaintiff has been regular in his practice, and the motion to vacate the judgment must be denied, but under the prayer for other relief, the default will be opened on payment within five days of $10 costs, and on serving the answer at the time of such payment.
The judgment and proceedings had thereon to stand as ■security, and case to be tried on the first Monday of ■October.