1835.

Wells
v.
Cruger.

---

## WELLS *vs.* CRUGER.

Where a bill is filed against a solicitor, or other officer of the court, if he neglects to enter his appearance, he will not be entitled to the service of notices, and other papers in the cause, upon him or his agent. But after he has appeared in the suit, he will be entitled to notice of the hearing and of the subsequent proceedings, although he permits the bill to be taken as confessed against him.

It is not a matter of course, in the court of chancery, to set aside an order taking the bill as confessed, merely upon an affidavit of merits, even before a decree in the cause. And where a final decree has been entered, if the defendant applies to set aside his default and open the decree, he must, upon the motion, produce the answer he proposes to put in, so that the court may be satisfied as to the sufficiency thereof, and be apprised of the nature of the defence.

April 7. THE defendant in this case applied to set aside the order taking the bill as confessed, and all subsequent proceedings, on an affidavit of merits. The defendant was a solicitor and counsellor of the court, but had resided out of the state for more than a year. The subpœna was served upon him personally, during a temporary visit to the state, but he had not appeared in the cause. Previous to the service of notice of the application, the complainant had obtained and entered a final decree ; and had contracted to sell the lands, which were the subject of controversy in the suit.

1835.

Wells
v.
Cruger.

*M. T. Reynolds*, for the complainant.

*James Edwards*, for the defendant.

THE CHANCELLOR. There is no foundation for the objection that notices of the hearing, and of other proceedings in the cause, have not been served upon the defendant's agent. If the defendant still retained his privilege as a solicitor, after his permanent removal from the state, he should have caused his appearance to be entered, within the time limited by the rules of the court, if he wished to secure to himself a right to the service of papers in the cause upon his agent. No service of notices or papers, in the ordinary proceedings in a cause, is necessary to be made upon a defendant who neglects to appear. And if a solicitor, or other officer of the court, upon being served with a subpœna for that purpose, does not cause his appearance to be entered within the time limited by the 22d rule, he will not be entitled to notices of the subsequent proceedings, until he appears in the suit. But where he has appeared, he is entitled to notice of hearing, although he suffers the bill to be taken as confessed. (*Hart* v. *Small*, 4 *Paige's Rep.* 551.)

It is not a matter of course to set aside an order to take the bill as confessed, upon a simple affidavit of merits, even before a decree; but the court may impose such terms as are just and reasonable. And after a final decree is actually entered in the cause, upon the bill taken as confessed, the court, in addition to such equitable terms as may be proper, usually requires the defendant to exhibit the sworn answer which he proposes to file; so that the court may be satisfied as to the nature of his defence, and the sufficiency of the answer. I am disposed to dispense with the actual production of the answer in the present case, in consequence of the defendant's absence from the state. But as this court has not jurisdiction over the defendant's person or property, to compel the payment of the extra costs to which the complainant may be subjected by the opening of the decree, if the defence should in the end appear to be groundless, I shall require security to pay the complainant's costs and damages, in that event.

The order to take the bill as confessed is to be vacated, with all subsequent proceedings in the cause; provided the defendant, within ninety days after this decision, pays to the complainant the costs of entering the order to take the bill as confessed, and of such subsequent proceedings, including the costs of opposing this application, and files with the register a bond, with two sufficient sureties, to be approved of by a master, in the penalty of $500, conditioned to pay to the complainant all such costs as he may recover against the defendant in this suit, and also to pay such damages as the complainant may be subjected to by reason of the non-performance of any contract or agreement for the sale of the premises in controversy in this suit, or any part thereof, made since the entry of the final decree in this cause, and before the actual receipt by him of the notice of this application. But if these terms are not complied with by the defendant, he must pay the costs of this application, to be taxed, and the decree already entered must remain in full force. Upon filing an affidavit, after the expiration of ninety days, that the defendant has not paid the costs, and given the security as above directed, the complainant is to be at liberty to proceed and enrol the decree.