## BARRETT *et al. v.* GRAHAM *et al.*

CASE where the Court below set aside a judgment by default in ejectment, and allowed the landlords of the defendants to come in and defend.

APPEAL from the Sixth District.

Ejectment against Graham and Heppe for a lot in Sacramento. Both defendants filed demurrers, the latter on the twenty-fourth, and the former on the twenty-sixth of April, 1860. May 7th, Graham in person, in open Court, withdrew his demurrer, and stated that he had no defense, whereupon judgment was entered

against him.   On the same day the Court made an order allowing one Van Glann to file an intervention ; and on the twenty-seventh of August, Van Glann filed an answer purporting to be as and for Heppe.   August 31st, 1860, demurrer of Heppe overruled, and no answer being filed within the time allowed, (ten days) judgment was entered against him on the eleventh of September.

Wm. Yule moved to set aside these judgments against Graham and Heppe, and for an order restoring him (Yule) to the premises embraced in the judgment—the plaintiffs having obtained possession under the judgment—and allowing him to come in and defend in place of Graham, Heppe and Van Glann, filing as the basis of his motion, two affidavits by himself ; the first in substance that, plaintiffs having commenced suit against Graham and Heppe, Graham, when served with summons, brought it to affiant who was the owner and in possession of the premises, Graham being merely his tenant ; that when he received said summons he took it to his counsel, who put in a demurrer to the complaint, and was preparing affiant's defense to said suit ; that before said demurrer was called up for argument, the plaintiffs, with a view of depriving affiant of his defense to said action, fraudulently and collusively procured said defendant Graham to withdraw the demurrer put in by affiant, and confess he had n defense ; and thereupon the Clerk of the Court, without authority or direction of Court, in place of entering default for want of an answer, as he should have done, entered a final judgment for possession against defendant Graham ; that said judgment is fraudulent as against affiant, and that plaintiff knew the same, and that it was affiant as owner of the property, and not defendant Graham, who interposed the demurrer ; that affiant is the legal owner and entitled to possession of the lot in suit, and that plaintiff is not the owner or entitled to the possession ; that affiant has a good and meritorious defense to plaintiffs' action as he verily believes ; that affiant has been informed by the defendant Graham, that when he withdrew said demurrer, he was ignorant that the effect of it was to cause judgment to be rendered against him for possession, but supposed merely that he was asserting he had no claim to the premises in dispute.   The premises considered, affiant asked that said judgment be set aside, and he allowed to defend.

41

The substance of the second affidavit was, that Graham was a tenant under affiant, who claimed the legal title to the land, and from whom said Graham received the possession thereof; that said Heppe was also a tenant of the portion of the property held by him, under one Van Glann, who was his landlord, and from whom he had received possession, and who was the owner of said premises; that when said Heppe was served with process, he took the same to his landlord Van Glann to defend the suit for him, and that said Van Glann caused a defense to be interposed to said suit; that after said defense was so put in, and before it could be brought to a hearing, the plaintiff, informed of the rights of said Van Glann, and collusively acting with said Heppe, caused him, unknown to Van Glann, to appear in open Court and ask to withdraw the defense which had been put in by his landlord in his name; that the attorney of said Van Glann happening accidentally to be in Court, and hearing said motion, opposed the same, and represented the fraud that was about to be practised on his client, and asked leave for said Van Glann to be let in to defend said action in the room of said Heppe, which order was on the    *    day of    *    1860, granted by the Court; and subsequently to said order, said Van Glann sold his interest in said property to affiant who has succeeded to his rights under the same; and that subsequently to said order, and whilst the time to plead on the part of said Heppe was still open, affiant caused an answer on the part of said Van Glann to be made out and served on plaintiff's attorney, who filed a replication to the same; that whilst said action of *Barrett* v. *Graham* was in existence, so far as Heppe and Van Glann were concerned, Barrett obtained judgment by default against Heppe as for want of defense, whereas there was a defense so entered by Van Glann, under the order of the Court, as and for and in the stead of Heppe; that a writ of restitution has issued, and plaintiff has wrongfully been placed in possession of said premises; that he has a good and valid defense to said action, that he will prove that those under whom he claims have the rightful title to said premises, and that he has the right of possession thereof; that all the allegations in plaintiff's complaint are untrue; that he is not the owner of said premises or entitled to the possession thereof.

Motion granted.    Plaintiffs appeal from the order.

The counter affidavits by plaintiffs are unnecessary to be stated under the opinion of the Court.

*E. B. Crocker*, for Appellants.

I.  Yule was a stranger to the action, and had no right to move to set aside the judgment.

II.  The affidavits do not show merits sufficient to justify setting them aside.  They state, in general terms only, that Yule is owner of the property, and that defendants are tenants, but do not state the nature of his title or interest.  The defense should have been set out.  *(Harlan* v. *Smith*, 6 Cal. 173; *Chase* v. *Swain*, 9 Id. 136; 4 Taunton, 820.)

*H. H. Hartley*, for Respondents, cited *Locke* v. *Franklin*, 7 Taunton, 9.

Cope, J. delivered the opinion of the Court—Field, C. J. concurring.

This is an appeal from an order setting aside two judgments obtained by the plaintiffs by default.  The order was made upon conflicting affidavits, and we cannot undertake to say that an error has been committed.  The grounds set forth in the affidavit on behalf of the defendants are sufficient to sustain the action of the Court.

Order affirmed.