## L. H. BAILEY v. WILLIAM P. TAAFFE, AND A. J. BRANNAN.

AFFIDAVIT TO SET ASIDE A JUDGMENT BY DEFAULT.—An affidavit on motion to vacate a judgment by default, under the sixty-eighth section of the Practice Act, must show—First, that the default occurred through mistake, inadvertence, surprise, or excusable neglect; and second, that the defendant has a meritorious defense.

ORDER SETTING ASIDE A JUDGMENT BY DEFAULT.—Although an order of the Court below, setting aside or refusing to set aside a judgment by default, rests much in the discretion of the Court, and will not be disturbed by the appellate Court unless plainly erroneous, yet the discretion of the Court below is not a mental discretion, to be exercised ex gratia, but is a legal discretion, to be exercised in conformity with the law.

SETTING ASIDE A DEFAULT ON THE GROUND OF EXCUSABLE NEGLECT.—A judgment by default should not be set aside on the ground of excusable neglect, because the preparation of the answer required more time than ordinary cases, and during a portion of the time the attorney was absent from town.

WHO SHOULD MAKE AFFIDAVIT TO SET ASIDE DEFAULT.—An affidavit, on motion to set aside a default, should be made by the defendant, unless good reasons exist for having it made by some one else.

SHOWING MERITORIOUS DEFENSE ON MOTION TO SET ASIDE DEFAULT.—An affidavit of the attorney, on motion to set aside a default, which states that from the examination of the defendant's case, so far as he has made such examination, he verily believes that it is better than the plaintiff's, does not show that the defendant has a meritorious defense.

DEFENDANT'S ANSWER SHOULD BE SHOWN TO COURT.—The better practice is to prepare and exhibit to the Court the defendant's answer at the hearing of a motion to set aside a default.

COSTS ON OPENING A DEFAULT.—When a judgment is vacated and a default opened, costs should be imposed as a condition.

APPEAL from the District Court, Fifteenth Judicial District, City and County of San Francisco.

The plaintiff appealed from an order of the Court below, setting aside a default.

The other facts are stated in the opinion of the Court.

*Edward Tompkins*, for Appellant, cited 17 Abbott, 44; 2 Hilton, 467; Id. 588; 5 Paige, 164; 6 Id. 371; 22 Howard, 477; 12 Cal. 445.

*T. I. Bergen*, for Respondents, cited 20 Cal. 140; *Rowland* v. *Kreyenhagan*, 18 Cal. 456; *Mulholland* v. *Heyneman*, 19 Cal. 606; *Haight* v. *Green*, 19 Cal. 117; *Barrett* v. *Graham*, 19 Cal. 635.

By the Court, SANDERSON, J.

This is an appeal from an order setting aside a judgment by default. It is claimed by appellant that the affidavit upon which the order was made is fatally deficient in the two essential particulars of excuse and merits. We are of the opinion that both points are well made.

An affidavit on motion to vacate a judgment under the sixty-eighth section of the Practice Act must show—First, that the default occurred through mistake, inadvertence, surprise or excusable neglect; and second, that the defendant has a meritorious defense to the action. If the affidavit is materially deficient in either of these respects, the judgment ought not to be vacated.

It is true, as claimed by the learned counsel for the respondents, that orders like the present, in legal parlance, rest very much in the discretion of the Court below, and will not be disturbed by this Court unless we are satisfied that the order is so plainly erroneous as to amount to an abuse of discretion. (*Roland* v. *Kreyenhagen*, 18 Cal. 455; *Haight* v. *Green*, 19

Cal. 113; *Mulholland* v. *Heyneman,* 19 Cal. 605; *Barrett* v. *Graham,* 19 Cal. 632; *Woodward* v. *Backus,* 20 Cal. 137; *People* v. *O'Connell,* 23 Cal. 281; *Howe et al.* v. *The Independent Consolidated Gold and Silver Mining Company,* 28 Cal. 72.)

The discretion intended, however, is not a capricious or arbitrary discretion, but an impartial discretion, guided and controlled in its exercise by fixed legal principles. It is not a mental discretion, to be exercised *ex gratia,* but a legal discretion, to be exercised in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice. In a plain case this discretion has no office to perform, and its exercise is limited to doubtful cases, where an impartial mind hesitates. If it be doubted whether the excuse offered is sufficient or not, or whether the defense set up is with or without merit *in foro legis,* when examined under those rules of law by which Judges are guided to a conclusion, the judgment of the Court below will not be disturbed. If, on the contrary, we are satisfied beyond a reasonable doubt that the Court below has come to an erroneous conclusion, the party complaining of the error is as much entitled to a reversal in a case like the present as in any other.

*Affidavit on motion to set aside a default.*

There is no pretense of mistake, inadvertence, or surprise in the affidavit in this case. The relief sought is asked solely on the score of excusable neglect; and upon that subject all that is said is in substance that on account of the complicated condition of the defendants' title, and from the fact that the complaint was verified, more time was required to prepare the answer than is required in ordinary cases, and that during a portion of the time allowed for answering, the attorney employed to conduct the defense was compelled to be absent from town. But so far as all this tends to establish a legal excuse, it is completely and conclusively answered by the fact that no reason is given why, if more time was required, either on account of the complications suggested, or on account of

the necessary absence of counsel, an application to oppo-
site counsel, or if denied by him, to the Court, for an exten-
sion of time was not made.  If there was any good reason
for an extension, doubtless it could have been readily obtained
from opposite counsel by stipulation.  If not, it certainly
could have been obtained from the Court by an order to
that effect.   There is, therefore, no pretense but that an exten-
sion of time could have been readily obtained from one
source or the other had an application been made, and there
is no pretense that an opportunity to make the applica-
tion was, from any cause, not afforded.   Moreover, no reason
is given for the absence of counsel, except such as is implied
from the general and vague statement that it was compulsory.
Some men are compelled by the pursuit of pleasure, and
others by the pursuit of business.  The latter may, but not
always, excuse absence and neglect of other duties, but the
former, in the eye of the law, never does.   In view of these
facts, it cannot be said with any show of reason that the fail-
ure to answer in time is shown to have been excusable within
the meaning of the law.

The affidavit is also manifestly insufficient on the question
of merits.   The affidavit is not made, as it should have been,
by the defendant, but by his counsel, who does not state that
he knows what the defense is, and that, in his opinion, it is a
substantial one, but, on the contrary, contents himself with
saying that from the examination of the defendant's title, so
far as he has made such examination, he verily believes that
it is better than the plaintiff's.   Whether he knows anything
about the plaintiff's title is not stated.   Whether the examina-
tion made of the defendant's title was very elaborate or very
meager is likewise not stated.   Nor is it stated that the
defendant has " fully and fairly " stated his whole case to him,
and, in view of such statement, what his professional opinion
is touching the defense.   It is true, however, that this latter
defect, if indeed it may be called such, is followed by no seri-
ous consequences, for had the matter in question been inserted

54

in the affidavit it would have been but hearsay, and therefore entitled to no weight.

Had the affidavit been made by the defendant, and had it been stated therein that he had fully and fairly exhibited and made known his defense to counsel, and been advised by him that he had a meritorious defense, it would have been, under the rule in *Woodward* v. *Backus*, *supra*, sufficient upon the question of merits. But the affidavit was not made by him, and no reason is given why it was not.

### *Exhibition of answer on motion to set aside default.*

Nor was the answer of the defendant, which he proposed or desired to make, prepared and exhibited to the Court, as it ought to have been, at the time the motion was made. We do not mean, however, to say that this latter step is absolutely necessary under our system. We design merely to suggest that such is the better practice, and is in accordance with the practice in Courts of equity under the old system. Under that practice a defendant who asked to open a default was required to exhibit his sworn answer, or state fully in his affidavit the nature of his defense and his belief in its truth. (*Wells* v. *Cruger*, 5 Paige, 164; *Hunt* v. *Wallis*, 6 Paige, 371.

### *Counter affidavit on motion to set aside default.*

But in addition to these obvious defects in the defendant's affidavit we are satisfied from the counter affidavit of the plaintiff that the order in this case has been improperly made. From that affidavit, which is entirely uncontradicted, it appears that the plaintiff had been in the uninterrupted and peaceable possession of the premises in controversy for more than eight years. That he had the premises fenced, and had a dwelling house thereon, and that he had resided therein a number of years himself, and during the residue of the time he had occupied it by his tenant. That in his absence and without his knowledge or consent the defendant, being the claimant of adjoining lands, removed his fences and entered upon

the land without pretending to have acquired the same by purchase or otherwise from any person holding or claiming a right thereto.

These facts, taken in connection with the absence of any satisfactory showing of merits on the part of the defendant, satisfy us that the order opening the default ought to be reversed.   There was also error in not imposing the payment of costs as a condition.   (*Howe & Simpson* v. *The Independent Consolidated Gold and Silver Mining Company*, 28 Cal. 72.)

Order reversed.

[NOTE.—That no injustice may be done to the learned Judge who made the order reversed in this case, I am authorized to say, that in consequence of his former connection with the subject matter of the litigation, the District Judge considered himself disqualified from making the order vacated ; that at the time the default was entered he was not aware of his having been in any way connected with the subject matter in the suit, and as soon as it was suggested to him, the default was set aside on that ground alone, without reference to the merits of the motion as disclosed by the affidavits upon which it was based.   But the grounds upon which the default was opened did not appear in the record on appeal.—REPORTER.]

