STATE OF IOWA, Appellee, v. HUGHES BOSTON, Appellant.

No. 46484.

JUNE 6, 1944.

Henry H. Griffiths, of Des Moines, for appellant.

John M. Rankin, Attorney General, and Francis J. Kuble, County Attorney, for appellee.

MANTZ, J.—Hughes Boston was indicted for first-degree murder in Polk County, Iowa, and upon trial was convicted of manslaughter and the maximum sentence was imposed. At that time the defendant made a written application for a bench parole. This was denied. Upon appeal to this court his conviction was unanimously upheld. State v. Boston, 233 Iowa 1249, 11 N. W. 2d 407. However, a majority of this court held that the trial court abused its discretion in passing upon the application for parole. On this phase of the appeal the action of the lower court was reversed and the cause remanded with instructions to the trial court to consider and determine said application on its merits. Following the mandate of this court, the trial court set the application down for hearing on January 12, 1944. At the hearing evidence was offered and received, following which a bench parole was denied. The defendant appealed and we find ourselves confronted with the question relating to a denial of such application.

I. In its opinion this court set forth matters connected with the power of the trial court to grant or withhold paroles; also stated that in the absence of a record it would be presumed that there was a good reason for the action of the court. We quote from the opinion [233 Iowa 1249, 1257, 11 N. W. 2d 407, 411] :

"Here, however, the reason for the court's action clearly appears of record. We think here there was an abuse of discretion in the court's *refusal to consider* defendant's application because *'in all his experience on the bench he had never allowed a parole.'* "

Following remand, the trial court set down for hearing the application for a bench parole and caused notice to be given. When the matter came up for hearing appellant moved that same be transferred to some other judge of that district, said motion being based for the most part on the fact that the trial judge had already expressed an opinion that no parole should be granted. The motion to transfer was overruled. At the hearing the record of the original trial was introduced and various witnesses testified regarding the appellant—his history, the circumstances of the commission of the crime, and his character and

reputation. The matter was argued by counsel and was submitted, and on January 19, 1944, the trial court filed in writing a ruling denying the application for bench parole. In said ruling the trial court dealt in detail with the proceedings of the former trial and gave a history of the case, referring to the matters brought out in the hearing and setting forth its reasons for denying the parole. This ruling of the court clearly shows a full and complete hearing, with evidence introduced, arguments of counsel, and all matters considered. This record shows that the lower court fully and completely complied with the mandate of this court as set out in the opinion filed in the case. This having been done disposes of the principal matter to be considered on this appeal. However, as appellant has argued at length on various claimed errors of the trial court, we will consider them briefly.

II. The appellant complains of various errors committed by the trial court: the refusal of the court to transfer the hearing of the application to some other judge; the attitude of the court as evidenced by an express statement of that official that under the record the crime committed was first-degree murder instead of manslaughter as found by the jury; and the failure of the court to obey the mandate of this court to consider and determine the application on its merits. We will discuss these claimed errors in the order above indicated.

Just before the hearing on the application appellant made a motion to transfer the hearing to some other judge of the district, urging that the statute contemplated a hearing before any judge of the district; also that a private request for such change had been made and refused; and further, that the court had decided in advance and had expressed opposition to the granting of a parole.

We think there is no merit to the claim that the court erred in refusing to transfer the application to some other judge. We know of no statute authorizing a change of judges under the method pursued. There was no showing of prejudice.

The authority of the court to suspend sentences and grant paroles is purely statutory and is found in section 3800, Code of 1939, which is as follows:

"Parole by court. The trial court before which a person has

been convicted of any crime except treason, murder, rape, robbery, arson, second or subsequent violation of any provision of title VI, or of the laws amendatory thereof, may, by record entry, suspend the sentence and parole said person during good behavior:

"1. If said person has not previously been convicted of a felony.

"2. If said person is shown to be free from venereal disease.

"3. If said person, if an adult and able to labor, has obtained apparently permanent employment for a reasonable time."

The statute contemplates the application for parole should ordinarily be heard by the judge who tried the case. The very first words of that section, "The trial court before which a person has been convicted * * *," can have no other meaning. While the statute uses the words "trial court," still, under the ordinary rules of construction, this can but mean "trial judge" when so required by the subject matter. It seems hardly necessary to suggest that by "trial court" was meant the judge who presided, as that official would have the benefit of the knowledge and information received at the trial. Eller v. Paul Revere L. Ins. Co., 230 Iowa 1255, 300 N. W. 535; In re Estate of Hale, 231 Iowa 1018, 2 N. W. 2d 775; 14 Am. Jur. 248. There was no error by the lower court in refusing to transfer the matter to some other judge.

III. Appellant urges that the court erred in taking into consideration, in passing upon his application for parole, the belief of the court that the appellant was guilty of murder in the first degree instead of the crime of manslaughter as found by the jury. In effect, appellant claims that the trial court could not have taken into consideration the belief that appellant had committed a higher crime than the one for which he was convicted. The suggestion is made that all evidence in excess of that indicating manslaughter is ruled out of consideration, and further, that the court should be limited to what was shown under the application.

We think it would be a strange rule which would thus limit or restrict the matters which the court might consider in passing

upon an application for a suspended sentence.

While seeking to restrict the matters which the court might consider, the record shows that appellant introduced over objection the entire record in the former hearing, including the reporter's transcript and the abstract used on the former appeal. At the time the offer was made the court propounded to the attorney for appellant the following:

"The Court: You do not take the position in this hearing that this court cannot take into consideration any or all of the record in that trial? Mr. Griffiths: Oh, no, I merely want to call attention to the record so it may be clear that I was relying upon it.

[The objection made was that the evidence offered was immaterial and that the court was familiar with the record.]

"The Court: The objection will have to be overruled because the court contemplates and expects in its final written opinion he is going to file in this case to point out and go over the entire record and analyze it. It is all before this court in connection with this hearing already, and the court will exercise his right and prerogative pointing out in that opinion things that were apparent to the court."

Having introduced these records, the appellant is hardly in a position to say that the court should not consider them. Of necessity, such a matter would have to be left in the hands of the trial court. The scope of the inquiry is and should be largely in the hands of that official.

We think that appellant does not fully appreciate the true purpose and intent of the statute which permits the court to grant a bench parole. No one convicted of a crime can demand a parole as a matter of right. Appellant rather ignores this fact, as in argument he speaks of appellant's "right to parole." In the case of Pagano v. Bechly, 211 Iowa 1294, 232 N. W. 798, this court held that the granting of a suspended sentence and parole is a matter of grace, favor, or forbearance. In that case, Justice Albert made a clear analysis, based upon sound reasoning, holding in effect that a suspension of sentence was closely related to the granting of a pardon—an act of grace. See, also, Bennett v. Bradley, 216 Iowa 1267, 249 N. W. 651. Black's Law Dictionary,

1052

Third Ed., 853, defines "grace," saying, "This word is commonly used in contradistinction to 'right.'" "Grace" is a favor or indulgence, as distinguished from "right." 38 C. J. S. 971. In this case appellant is in the position of asking a favor, a matter of grace. By demanding a suspended sentence as a right he ignores the statute.

As a matter of practice we know that the question of suspended sentences and paroles is often handled rather informally. Many apply orally, offering no evidence, the court considering the record. The court may, and often does, suggest the matter of a suspended sentence and parole; the court may delay matters in order to make a personal investigation or to have the defendant's history and record investigated. Sometimes this is done by some agent of the court.

We are not prepared to hold that the court may take into consideration nothing other than the record of the trial, although as a matter of fact such record very frequently is the major consideration of the court in passing upon such applications.

In support of his claim as to the limitations and restrictions upon the trial court to grant or refuse paroles, appellant has cited numerous cases, mostly from foreign jurisdictions. We have no quarrel with these holdings where the same are applicable. Taking the record, we hold that the lower court did not err in taking into consideration the matters set forth in its ruling. Appellant insists that in the face of the written ruling the trial court allowed its feeling as to the degree of crime committed to control its action. In this contention we cannot agree with appellant. The record speaks for itself. There was no error. People v. Jones, 87 Cal. App. 482, 262 P. 361; Bailey v. Taaffe, 29 Cal. 422.

IV. The last error urged by appellant is that the trial court abused its discretion by refusing to obey the mandate of this court to consider and determine the application for suspended sentence and parole "on its merits." The record fails to support this claim; it shows the contrary. In the first hearing the trial court refused to receive any evidence in support of the application. In the present case the record shows that the application was set down for hearing and the appellant availed him-

self of his right to introduce evidence. He introduced the files and records of the case. Twelve witnesses were examined on his behalf. The court was liberal in the latitude allowed as to the testimony of such witnesses. Counsel for appellant argued orally. The written ruling filed later recites the matters taken into consideration by the court in refusing to suspend the sentence. Appellant seems to argue that the court did not consider the application on its merits in that a parole was refused. We know of no statute or opinion holding that the words "on its merits" mean finding in favor of the application. In his zeal appellant overlooks the fact that it was the province of the court to make the decision. The record abundantly shows that the court decided fairly and impartially, and having done so, that decision is not open to question. Whether the decision was as some other court would have decided is beside the point. The ruling of the lower court is affirmed.—Affirmed.

All JUSTICES concur.