Filed 7/18/13  In re Jose C. CA1/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIRST APPELLATE DISTRICT

### DIVISION TWO

| | |
|---|---|
| In re JOSE C., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br>        Plaintiff and Respondent,<br>v.<br>JOSE C.,<br>        Defendant and Appellant. | A136846<br><br>(Alameda County Super. Ct.<br> No. SJ12018609-01) |

Appellant Jose C., a minor, appeals from the juvenile court jurisdictional findings that he carried a concealed firearm and that he carried a loaded firearm in public. Appellant also appeals a disposition order declaring him a ward of the court and placing him on probation.  Appellant brings this appeal in compliance with Welfare and Institutions Code section 800.  Appellant's counsel filed the opening brief without raising any specific issue and requests that the court conduct an independent review of the entire record in accordance with *People v. Wende* (1979) 25 Cal.3d 436.  Appellant was apprised by counsel of his right to file a supplemental brief on his own behalf and he did not do so.  We have reviewed the entire record and find no arguable issues that would present a meritorious appeal.

1

## BACKGROUND

The information filed by the Alameda County District Attorney included: in count one, that appellant carried a concealed firearm (Pen. Code, § 25400, subd. (a)(2)), and, in count two, that he carried a loaded firearm in public (Pen. Code, § 25850, subd. (a)). On June 26, 2012, following a contested jurisdictional hearing, the court found these allegations to be proven true beyond a reasonable doubt. The court subsequently declared appellant a ward of the court and placed him on probation in his mother's custody.

At the jurisdictional hearing, the court heard from the following witnesses: appellant and Hayward Police Officer Paul Petersen, the officer who discovered the firearm and arrested appellant.

On January 30, 2012, just before 6:00 p.m., Hayward Police Officers Valderrama and Petersen drove to an address on Jefferson Street, which was a gang residence that had been the location of multiple shootings and was known to house individuals who possess firearms. The police reports and officer's testimony state that upon approaching the residence, Officer Petersen noticed appellant standing in front of the home smoking a cigarette. Smoking in public is a Municipal Code violation in Hayward under section 5-6.11. Petersen asked his partner to stop the vehicle in order to issue appellant a citation for smoking in public. In his testimony, Petersen stated that he stepped out of his vehicle and began to walk toward appellant. Petersen said that when appellant saw Peterson drawing near, he discarded his cigarette and "casually" walked around the side of the residence toward the back of the home. Petersen testified that he yelled at appellant to remain where he was and then pursued appellant to the back of the residence, losing sight of him for approximately five seconds. Petersen regained sight of appellant when he looked around the back of the house; and there he witnessed appellant tossing a black object underneath a blue tarp that covered debris. Petersen stopped appellant. Petersen's partner arrived, and appellant was searched for weapons, asked for his identification and detained. While appellant was detained Petersen searched the area and recovered the object appellant had discarded. Petersen noted that the area underneath the tarp was

2

covered in dust and trash, but concluded that the black object did not appear to have been there long because it lacked the covering of dust and residue. The object beneath the tarp was revealed to be a handgun inside a black sock.

Appellant disputes this rendition of events. He maintains that he was not smoking a cigarette, that he was unaware the officers had stopped in front of the Jefferson residence, and that he only went to the back of the house to relieve himself. Appellant's and Peterson's statements were consistent up until the point where appellant stated that he saw the officers' vehicle. The most inconsistent point being what appellant was actually doing behind the residence: dumping a gun or micturating.

The court determined that the officer's testimony was more credible than appellant's and concluded that he committed violations of Penal Code sections 25400, subdivision (a)(2) and 25850, subdivision (a). In addition to the juvenile court jurisdictional order and the disposition order, the court set the following probation conditions: appellant not go to the 500 block of Jefferson Street at any time, have a 6:00 p.m. curfew, abstain from using drugs, and that he submit to searches and seizures conducted by peace officers.

## DISCUSSION

This appeal is from juvenile court jurisdictional findings and dispositional order declaring appellant a ward of the court and placing him on probation. Counsel raises no specific issues and asks the Court of Appeal to conduct a review of the entire record consistent with *Wende* to determine whether there are any issues which would, if resolved favorably to appellant, result in reversal or modification of the judgment. In reviewing the entire record, we find no arguable issues that would present a meritorious appeal.

In reviewing this case for abuse of discretion, we defer to the trial court's determinations of credibility. It is the duty of the trial judge, as the trier of fact, to judge the credibility of witnesses and weigh conflicting testimony. (*People v. Alexander* (2010) 49 Cal.4th 846, 882-883.) " 'The power to judge credibility of witnesses, resolve conflicts in testimony, weigh evidence and draw factual inferences, is vested in the trial court. On appeal all presumptions favor proper exercise of that power . . . .' " (*People v.*

3

*James* (1977) 19 Cal.3d 99, 107.) Thus, we defer to the trial court's determinations of credibility as they are discretionary findings.

"The discretion intended, however, is not a capricious or arbitrary discretion, but an impartial discretion, guided and controlled in its exercise by fixed legal principles. It is not a mental discretion, to be exercised *ex gratia,* but a legal discretion, to be exercised in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice." (*Bailey v. Taaffe* (1866) 29 Cal. 422, 424.) We have found no such deviation from reasonable discretion that would be deemed an abuse of the court's discretion or a miscarriage of justice. There was ample evidence supporting the allegations against appellant. The evidence offered at the hearing was the eyewitness testimony of Petersen and photographs of the firearm found near appellant. This evidence was disputed only by appellant's testimony and the court expressly stated that the officers' testimony was more credible than that of appellant's. Thus, the findings and orders were proper.

In view of the facts set forth above, we find no issues regarding the sentence imposed or any other aspect of the proceedings which are deserving of further briefing under the holding of *Wende*.

## DISPOSITION

Our independent review of the record reveals no arguable issues that require further briefing.  The judgment is affirmed.

_____
Lambden, J.

We concur:

_____
Haerle, Acting P.J.

_____
Richman, J.

*In re Jose C.* (A136846)