Filed 3/8/16  P. v. Ruiz CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B262737 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA106898) |
| v. | |
| DAVID RUIZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Steven P. Sanora, Judge.  Affirmed.

Law Office of Mark A. Davis and Mark A. Davis, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, and Analee J. Brodie, Deputy Attorney General, for Plaintiff and Respondent.

_____

Defendant and appellant David Ruiz entered a no contest plea to one count of possession for sale of a controlled substance in violation of Health and Safety Code section 11378.  He appeals from the denial of his motion to vacate his guilty plea, arguing that trial counsel failed to perform his constitutional obligations by providing accurate advice on the immigration consequences of his plea.  We affirm the trial court's order.

## FACTS AND PROCEDURAL BACKGROUND

Defendant was charged by information with two counts of possession for sale of a controlled substance in violation of Health and Safety Code section 11378.  On October 14, 2014, he entered a no contest plea to one count of possession for sale.

A written plea form was utilized.  Item 12 on the plea form stated in pertinent part: "I understand that if I am not a citizen of the United States, I must expect my plea of guilty or no contest will result in my deportation, exclusion from admission or reentry to the United States, and denial of naturalization and amnesty."  Defendant initialed a box next to the statement.  He also signed and initialed a paragraph stating, "I have read and initialed each of the paragraphs above and discussed them with my attorney" and "I understand each and every one of the rights outlined above and I hereby waive and give up each of them in order to enter my plea to the above charges."  His counsel also executed the plea form.

At the plea proceeding, the trial court asked defendant whether he had placed his initials and signature on the plea form.  Defendant answered, "Yes."  The court stated, "I need to inform everyone who pleads in this courtroom of the immigration consequences of entering a plea.  [¶]  Did you read page 3, item 12, the statement regarding immigration consequences; did you understand that statement and then place your initials in the box?"  Defendant responded, "Yes."  The court added, "You understand, if you're not a citizen of the United States, you will expect your plea of guilty or no contest will result in your deportation, exclusion from admission or reentry to the United States, and

2

denial of naturalization and amnesty. [¶] Do you understand that?" Defendant said he understood.

The court accepted defendant's plea of no contest. The court also found defendant knowingly, intelligently, and voluntarily made all of the waivers, with full understanding of the consequences of the plea. The court placed defendant on probation for three years, with 180 days in county jail as a condition of probation.

On January 26, 2015, defendant filed a motion to withdraw and set aside his guilty plea on the ground of ineffective assistance of counsel based on a failure to properly advise him of the immigration consequences of his plea. He submitted his declaration in support of the motion as to the following facts. On October 14, 2014, his attorney Ronald Hedding explained the plea offered to him. Defendant would plead no contest to one count and receive a sentence of 180 days. Hedding said defendants were serving 10 to 20 percent of the sentences because the jails were too crowded, which meant defendant would be out of jail in approximately 20 days. He said it was in defendant's best interest to accept the offer, because he could receive a maximum sentence of three years in prison if he lost at trial. When defendant asked if he was going to be deported, Hedding said he did not know about immigration law, but he asked an immigration attorney and it was his opinion that defendant was not going to get deported. Hedding said the immigration authorities might have some questions when defendant renewed his green card, but not until then. Hedding said not to worry, he would not be deported; he would be out in 20 days or less and be with his family for Christmas. Hedding also reviewed the advisement of rights form with him. Defendant noted that the form said he would be deported. Hedding said it was just a mandatory form that all people sign to let you know about the rights you are waiving, but it does not apply to everyone. He repeated that defendant would not be deported and would be with his family for Christmas. Based on Hedding's representations, defendant accepted the offer and signed the waiver form. Hedding had no discussions with him about possible defenses or investigation of his case. They did not discuss witnesses at trial. Defendant accepted the offer. If he had fully understood

3

the consequences of his plea that he would be automatically deported, he would not have accepted the plea.

A hearing was held on March 4, 2015. Defendant's new attorney argued that defendant would have gone to trial and won, because his constitutional rights were violated by the search and he had a viable defense. Defendant had been trying to purchase tickets to a concert, not sell anything, and a friend with him that night, who was released by the police, would have provided corroborating testimony. He argued that Hedding was required to advise defendant that if he accepted the plea, he would be deported the following day and would not see his family again unless they traveled to Columbia.

Hedding testified at the hearing that he told defendant the plea was the best offer he would get. They discussed defendant's concern about immigration consequences. Hedding advised defendant to talk to an immigration attorney. Hedding arranged for a continuance of the proceedings so defendant could consult with an immigration attorney. He reviewed the waiver form with defendant. The immigration attorney had advised defendant of what could happen and said it was a deportable offense. Hedding told defendant it was his choice whether to take the deal, but if he did, he was to assume that he was going to be deported. Hedding advised him that he could fight the case, lose, get double the time, and then be deported.

Defendant's brother Steven Ruiz testified.[1] He was present during defendant's discussions with Hedding, including the day that he accepted the plea offer. Defendant asked whether he would be deported and Hedding said he did not practice that type of law. He advised defendant to turn himself in on October 31, and that he would be out of jail in 20 days, because the county jail was impacted. One of the statements on the waiver form said this was a deportable offense, so defendant asked if he was going to be deported. Hedding said not to worry about it, because it was procedural and everyone has to do it when they accept a plea. During cross-examination, Steven stated that he

_____

[1] Because defendant and his brother have the same last name, we will refer to defendant's brother by his first name for clarity.

4

drove defendant to meetings with an immigration attorney, but did not attend and was not present when the immigration attorney advised defendant.

The trial court denied the motion to withdraw the plea. Defendant filed a notice of appeal.

## DISCUSSION

Defendant contends he should be permitted to withdraw his guilty plea because Hedding failed to properly investigate and advise him of the immigration consequences of the plea, which constituted ineffective assistance of counsel. Viewing the evidence in the light most favorable to the trial court's ruling, we hold the trial court did not commit an abuse of discretion.

""""It is well settled that where ineffective assistance of counsel results in the defendant's decision to plead guilty, the defendant has suffered a constitutional violation giving rise to a claim for relief from the guilty plea." [Citations.]' (*In re Resendiz* (2001) 25 Cal.4th 230, 239, fn. omitted.)" (*People v. Perez* (2015) 233 Cal.App.4th 736, 740-41.) "Immigration law can be complex, and it is a legal specialty of its own. Some members of the bar who represent clients facing criminal charges, in either state or federal court or both, may not be well versed in it. There will, therefore, undoubtedly be numerous situations in which the deportation consequences of a particular plea are unclear or uncertain. The duty of the private practitioner in such cases is more limited. When the law is not succinct and straightforward (as it is in many of the scenarios posited by Justice Alito), a criminal defense attorney need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences. But when the deportation consequence is truly clear, as it was in this case, the duty to give correct advice is equally clear." (*Padilla v. Kentucky* (2010) 559 U.S. 356, 369, fn. omitted.)

5

"To prevail on a motion to withdraw a guilty plea, a defendant must establish good cause by clear and convincing evidence. (*People v. Wharton* (1991) 53 Cal.3d 522, 585.) 'Mistake, ignorance or any other factor overcoming the exercise of free judgment is good cause for withdrawal of a guilty plea. [Citations.]' (*People v. Cruz* (1974) 12 Cal.3d 562, 566.)" (*People v. Perez, supra*, 233 Cal.App.4th at p. 741.) "We are not free to disregard [an] implied finding that is supported by substantial evidence. (See [*People v.*] *Zamudio* [(2000)] 23 Cal.4th [183,] 210 [factual issues presented on a motion to vacate plea are to be resolved by trial court].)" (*People v. Gutierrez* (2003) 106 Cal.App.4th 169, 176.)

"A trial court's decision to deny a motion to withdraw a guilty plea is final absent an abuse of discretion. (*People v. Fairbank* (1997) 16 Cal.4th 1223, 1254.) Ordinarily, '[w]e """"presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence."""" (*People v. Clark* (2011) 52 Cal.4th 856, 943.) Additionally, if the ruling below is correct ""upon any theory of the law applicable to the case, it must be sustained regardless of the considerations which may have moved the trial court to its conclusion."" (*People v. Zapien* (1993) 4 Cal.4th 929, 976.)" (*People v. Perez, supra*, 233 Cal.App.4th at p. 741.)

"The discretion exercised by a court '"is not a capricious or arbitrary discretion, but an impartial discretion, guided and controlled in its exercise by fixed legal principles. It is not a mental discretion, to be exercised *ex gratia*, but a legal discretion, to be exercised in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice." (*Bailey v. Taaffe* (1866) 29 Cal. 422, 424.) An exercise of discretion is subject to reversal on appeal where no reasonable basis for the action is shown. (*Common Cause v. Stirling* (1983) 147 Cal.App.3d 518, 522.)' [Citation.]" (*People v. Perez, supra*, 233 Cal.App.4th at p. 742.)

In this case, the court's ruling is supported by evidence that Hedding properly advised defendant about the immigration consequences of the plea. Hedding advised defendant to obtain the opinion of an immigration attorney and arranged for a continuance to allow defendant to seek expert advice about immigration consequences.

Defendant did speak with an immigration attorney.  Hedding deferred to the advice of an expert in immigration law, and based on information from the immigration attorney that this was a deportable offense, Hedding told defendant to assume he would be deported. He was unequivocal.  He did not say that defendant might be deported, and did not simply give defendant a formulaic warning.  Hedding prudently and competently ensured that defendant received accurate advice on the risk of deportation.  It is hard to imagine what more Hedding could have done to fulfill his obligation to provide defendant with accurate information about the immigration consequences of his plea.

Defendant contends Hedding was required to research the law and provide his own independent opinion about deportation, but it is undisputed that the offense was deportable and Hedding's opinion that it was deportable would have been cumulative. (See *Padilla v. Kentucky*, *supra*, 559 U.S. at p. 369.)  Defendant fails to establish what would have been gained by further research leading to the conclusion the offense was deportable, as Hedding explained to defendant.  The evidence supports the court's ruling.

## DISPOSITION

The order denying defendant's motion to withdraw his guilty plea is affirmed.


KRIEGLER, Acting P. J.

We concur:


BAKER, J.


KUMAR, J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

7