Filed 1/27/15

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G049041 |
| v. | (Super. Ct. No. 12CF2471) |
| JORGE ARMANDO JUAREZ PEREZ, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, Daniel J. Didier, Judge. (Retired judge of the Orange Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.) Reversed and remanded.

Sheila O'Connor, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Lynne G. McGinnis and Eric A. Swenson, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

Defendant Jorge Armando Juarez Perez pled guilty to possessing methamphetamine for sale and possessing a firearm within 1000 feet of a school. The court placed him on probation and ordered him to spend 180 days in jail with credit for 157 days, including conduct credits. Defendant subsequently filed a timely motion to withdraw his guilty pleas. (Pen. Code, § 1018; all undesignated statutory references are to the Penal Code.) The court denied defendant's motion without stating any reasons. Defendant contends the superior court abused its discretion. According to defendant, he knew when he entered his guilty plea that he had an immigration hold on him, he was very concerned about his immigration status, he informed his attorney of his concern, and his attorney specifically told him he had a good opportunity to avoid deportation due to the limited amount of jail time imposed by the court. Defense counsel's representation to defendant, if made, was wrong as a matter of law. (See 8 U.S.C. § 1227 [alien convicted of aggravated felony *shall* be removed from country]; *United States v. Valdavinos-Torres* (9th Cir., 2012) 704 F.3 679, 687-687 [possession of methamphetamine for sale qualifies as aggravated felony].)

We reverse. Based on the record in this matter, including the superior court's failure to state any reason for denying defendant's motion to withdraw his guilty plea, we conclude the court abused its discretion. Had the court denied relief because the court found the declarants lacked credibility, for example, we would have accepted the ruling. (*People v. Hamlin* (2009) 170 Cal.App.4th 1412, 1465 [appellate court must defer to trial court on credibility of declarants]; *Whitlock v. Foster Wheeler, LLC* (2008) 160 Cal.App.4th 149, 160 [trial court entitled to believe one declarant over another].) Had the evidence been in dispute, we could have relied on the evidence supporting the court's decision to uphold the court's order denying defendant's motion even if the court summarily denied relief. But neither situation is present here. We remand the matter for further proceedings. This is not to say defendant is entitled to withdraw his guilty plea,

2

but when the evidence is one-sided and the court's ruling is contrary to that evidence,[1] an order denying relief should alert the reviewing court as to the reason(s) for such a ruling. A denial without any statement of a reason provides no reasonable basis for the denial. (*Moran v. Oso Valley Greenbelt Assn.* (2001) 92 Cal.App.4th 156, 160.)

I

PROCEDURAL SETTING AND FACTS

The felony complaint in this matter charged defendant with possessing methamphetamine and marijuana for sale (Health & Saf. Code, §§ 11378 [methamphetamine], 11359 [marijuana]) and possessing a firearm within 1000 feet of a school (§ 626.9, subd. (b)). Although counsel was originally appointed, defendant eventually retained counsel to represent him. On November 2, 2012, defendant pled guilty to the methamphetamine and firearm charges prior to the preliminary examination. In addition to the felony prosecution, the disposition also resolved a number of misdemeanor matters. As a result of the disposition, defendant was placed on three years of probation on the felony matter and ordered to serve 180 days in the county jail with credit of a total of 157 days, including conduct credits. Defendant thereafter brought a motion to withdraw his guilty plea within six months of the court granting him probation, as permitted by section 1018.

The motion to withdraw his guilty plea was supported by the declarations of defendant, his sister, and an immigration attorney. Defendant's sister stated she and her mother retained counsel for defendant when it was discovered an immigration hold had been placed on defendant. In retaining Attorney Alex Perez, defendant's sister and mother explained defendant's situation—that he was born in Mexico, but has lived in the United States since he was one year old, that all his family and friends live in this country, and he has never been to Mexico since he came to this country. They also told

_____

[1] It does not appear the prosecution filed an opposition to defendant's motion.

3

Attorney Perez they wanted to make sure defendant could remain in the United States and would not get deported due to the pending felony matter. According to defendant's sister, Attorney Perez said he knew what he was doing and he would handle the matter so as not to affect defendant's immigration status. Additionally, Attorney Perez repeatedly informed defendant's sister that so long as defendant was committed to less than one year in custody, defendant would not be in danger of deportation. When he informed defendant's sister of the proposed disposition including 180 days in jail, Attorney Perez said defendant would be able to fix any immigration problems because of the amount of time imposed by the court.

Defendant's declaration is similar in content to his sister's. He stated he was born in Mexico and brought to the United States when he was about one year old. He said he told Attorney Perez of his immigration status as a permanent resident and that he did not want to be deported. When Attorney Perez informed defendant of the proposed disposition and recommended defendant take the offer, defendant reiterated his immigration status and his desire to stay in this country. According to defendant, Attorney Perez told him he (defendant) could defend the immigration action because the time involved in the guilty plea was less than one year. Attorney Perez did not tell him he would be deported, ineligible for reentry, or precluded from becoming naturalized. After having pled guilty, a federal immigration court ordered defendant removed from the United States. Lastly, defendant averred that had he known of the negative immigration consequences of a guilty plea in this matter he would never have pled guilty.

The district attorney did not file an opposition to defendant's motion. The court denied defendant's motion without stating a reason. Defendant appealed. The trial court initially denied defendant's request for a certificate of probable cause, but subsequently issued the certificate after we granted the relief sought in defendant's petition for a writ of mandate.

4

II

DISCUSSION

Defendant contends he should be permitted to withdraw his guilty plea in this matter because he received ineffective assistance of counsel in connection with his guilty plea when counsel informed him he would not face deportation for pleading guilty to the drug offense, the contrary advisement in the change of plea form notwithstanding. "Plea bargaining and pleading are critical stages in the criminal process at which a defendant is entitled under both the Sixth Amendment to the federal Constitution and article I, section 15 of the California Constitution, to the effective assistance of legal counsel. [Citations.] 'It is well settled that where ineffective assistance of counsel results in the defendant's decision to plead guilty, the defendant has suffered a constitutional violation giving rise to a claim for relief from the guilty plea.' [Citations.]" (*In re Resendiz* (2001) 25 Cal.4th 230, 239, fn. omitted.)

"On application of the defendant at any time before judgment or within six months after an order granting probation is made if entry of judgment is suspended, the court may, and in case of a defendant who appeared without counsel at the time of the plea the court shall, for a good cause shown, permit the plea of guilty to be withdrawn and a plea of not guilty substituted. . . . This section shall be liberally construed to effect these objects and to promote justice." (§ 1018.) Defendant's motion to withdraw his guilty plea, made a month after his guilty plea, was timely under section 1018.

To prevail on a motion to withdraw a guilty plea, a defendant must establish good cause by clear and convincing evidence. (*People v. Wharton* (1991) 53 Cal.3d 522, 585.) "Mistake, ignorance or other factor which overcomes the exercise of free judgment is good cause for withdrawal of a guilty plea. [Citations.]" (*People v. Cruz* (1974) 12 Cal.3d 562, 566.) Here, the fact alleged to have overcome defendant's free judgment in entering a guilty plea was counsel's affirmative misrepresentation that deportation was not automatic because defendant would be sentenced to only 180 days in

5

jail if he pled guilty. If that advice was given, it was wrong as a matter of law. (See 8 U.S.C. § 1227 [alien convicted of aggravated felony *shall* be removed from country]; *United States v. Valdavinos-Torres*, *supra*, 704 F.3 679, 687-687 [possession of methamphetamine for sale qualifies as aggravated felony]; 8 U.S.C. § 1227(a)(2)(B)(i) [alien convicted of any state drug offense relating to controlled substance in 21 U.S.C. 802 is deportable]; 21 U.S.C. 802 [methamphetamine listed as Schedule III controlled substance].)

A trial court's decision to deny a motion to withdraw a guilty plea is final absent an abuse of discretion. (*People v. Fairbank* (1997) 16 Cal.4th 1223, 1254.) Ordinarily, "[w]e ""'presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence.'" [Citation.]' [Citation.]" (*People v. Clark* (2011) 52 Cal.4th 856, 943.) Additionally, if the ruling below is correct """upon any theory of the law applicable to the case, it must be sustained regardless of the considerations which may have moved the court to its conclusion." [Citation.]' [Citation.]" (*People v. Zapien* (1993) 4 Cal.4th 929, 976.) These principles do not save the court's ruling in this matter.

The reason *People v. Clark*, *supra*, 52 Cal.4th 856 is not helpful is because there was only the motion and its exhibits for the court to consider. The prosecution did not file an opposition, so there was no declaration from trial counsel disputing defendant, his mother, or his sister's declarations concerning what counsel was told about defendant's immigration status or what statements he made concerning the effect of defendant's conviction on defendant's immigration status. Of course the court also was aware the change of plea form informed defendant of immigration consequences, but that fact does not mean defendant's counsel did not negate the effect of that advisement by telling defendant the advisement is wrong and his guilty plea would not require his deportation. (See *In re Resendiz*, *supra*, 25 Cal.4th at p. 235.)

6

*People v. Zapien*, *supra*, 4 Cal.4th 929, is not helpful either, given we would be forced to engage in the wildest speculation to find the trial court's conclusion was correct. The court stated no reason for its ruling and did not mention any evidence. Had the court found the declarants not credible, that would justify the court's ruling, but we have no way of knowing whether that is what the court found.

The discretion exercised by a court "'is not a capricious or arbitrary discretion, but an impartial discretion, guided and controlled in its exercise by fixed legal principles. It is not a mental discretion, to be exercised *ex gratia*, but a legal discretion, to be exercised in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice.' (*Bailey v. Taaffe* (1866) 29 Cal. 422, 424.) An exercise of discretion is subject to reversal on appeal where no reasonable basis for the action is shown. (*Common Cause v. Stirling* (1983) 147 Cal.App.3d 518, 522.)" (*Moran v. Oso Valley Greenbelt Assn.*, *supra*, 92 Cal.App.4th at p. 160.) The court in this matter gave no basis, much less a reasonable basis for its decision denying defendant's motion.

We do not hold a court must explain its rulings. As we have said, had there been a conflict in the evidence, we could have relied on the evidence supporting the court's ruling, even if the court did not state the reason for its ruling. But when the evidence is one-sided and the court's summary ruling is contrary to that evidence, we do not know if the court rejected the evidence or accepted it and failed to apply the correct law to the situation. In the present matter, the prosecutor argued the declarations submitted in support of defendant's motion were "insufficient to prove the allegations" in the motion. On the contrary, if the declarations—including the declaration of an attorney who practices immigration law—were believed, defendant established trial counsel misadvised him of the immigration consequences and in doing so, did not act as a reasonably conscientious defense attorney. (See *Padilla v. Kentucky* (2010) 559 U.S.

7

356, 359-360 [constitutionally competent counsel would have advised the defendant that his drug distribution conviction would make him subject to automatic deportation].)

Competent counsel would not have advised defendant he need not worry about the immigration consequences of his convictions because the proposed sentence was less than one year. Attorney Mercedes Castillo practices immigration law and is a frequent speaker at continuing legal education seminars on the subject of minimizing immigration consequences of criminal convictions. According to Attorney Castillo, defendant's conviction made him removable from the United States, ineligible for readmission, and ineligible to become a permanent resident. She further concluded defense counsel rendered ineffective assistance of counsel when he misadvised defendant on the issue of immigration consequences without conducting the very minimal amount of research that would have disclosed defendant's conviction would make him inadmissible to return to the United States.

III

DISPOSITION

The order of the superior court denying defendant's motion to withdraw his guilty plea is reversed and the matter is remanded for further proceedings.


MOORE, ACTING P. J.

WE CONCUR:


ARONSON, J.


THOMPSON, J.

8