Filed 10/26/23  P. v. Megaw CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B324731 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA109392) |
| v. | |
| WESLEY BRYAN MEGAW, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Juan Carlos Dominguez, Judge.  Affirmed.

Robert A. Werth, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven E. Mercer and Kathy S. Pomerantz, Deputy Attorneys General, for Plaintiff and Respondent.

_____

This is an appeal from a new sentence imposed after defendant Wesley Bryan Megaw's prior sentence was recalled at the recommendation of the Secretary of the Department of Corrections and Rehabilitation (CDCR). Defendant's conviction was the product of a plea bargain in which he pleaded nolo contendere to kidnapping, second degree robbery, identity theft, and bringing contraband into jail. Megaw agreed to serve an aggregate prison sentence of 32 years 4 months, which included the upper term of eight years for the kidnapping, doubled to 16 years pursuant to the "Three Strikes" law. The trial court accepted the plea agreement and imposed the agreed-upon term.[1]

Several years later, in 2022, the Secretary of CDCR recommended recall of Megaw's sentence. After recalling Megaw's sentence, the resentencing court struck five 1-year enhancements and reimposed the remainder of the original sentence, resulting in a new aggregate term of 27 years 4 months.

On appeal, Megaw argues that amendments to Penal Code[2] section 1170, subdivision (b) precluded the resentencing court from reimposing the upper term sentence for the kidnapping conviction. He further contends the court erred in not exercising its discretion under section 1385, subdivision (c) to dismiss a five-year enhancement imposed under section 667, subdivision (a) and a one-year enhancement imposed under section 12022, subdivision (b)(1).

---

[1] Because the trial judge who accepted Megaw's plea deal was not the same judicial officer who later resentenced Megaw, we refer to the court that accepted the plea as the "trial court" and the other court as the "resentencing court."

[2] Undesignated statutory citations are to the Penal Code.

We hold that the limitations on imposing upper term sentences in the amendments to section 1170, subdivision (b) do not apply because the trial court imposed the upper term sentence for the kidnapping conviction pursuant to a plea agreement.  Also, Megaw fails to demonstrate the resentencing court erred in not dismissing the enhancements when it found such a dismissal would endanger public safety.  We thus affirm.

## PROCEDURAL BACKGROUND[3]

We summarize only those aspects of the procedural history relevant to this appeal.

In October 2015, the People filed an information charging Megaw with kidnapping to commit robbery, in violation of section 209, subdivision (b)(1) (count 1); second degree robbery, in violation of section 211 (count 2); identity theft, in violation of section 530.5, subdivision (a) (count 3); possession of a forged driver's license, in violation of section 470, subdivision (b) (count 4); and bringing contraband into jail, in violation of section 4573, subdivision (a) (count 5).  As to counts 1 and 2, the People alleged that, for the purpose of section 667, subdivision (a), Megaw suffered a prior conviction for a serious felony, and that, for the purpose of section 12022,

---

[3] We derive our Procedural Background in part from admissions made by the parties in their appellate briefing.  (See *Williams v. Superior Court* (1964) 226 Cal.App.2d 666, 668, 674 [" 'An express concession or assertion in a brief is frequently treated as an *admission* of a legal or factual point, controlling in the disposition of the case.' "]; *Artal v. Allen* (2003) 111 Cal.App.4th 273, 275, fn. 2 [" '[A] reviewing court may make use of statements [in briefs and argument] . . . as admissions against the party.' "].)

subdivision (b)(1), Megaw personally used a deadly and dangerous weapon in the commission of those two offenses. The People further alleged for the purpose of the Three Strikes law that Megaw had a prior serious or violent felony conviction, and that, for the purpose of section 667.5, subdivision (b), he had served five prior prison terms. Shortly after the People filed the information, Megaw pleaded not guilty to all counts and denied all special allegations.

In November 2016, the People and Megaw agreed to a plea by which the People would amend the information to include a violation of section 207 (kidnapping) as count 6; Megaw agreed to plead nolo contendere to counts 2, 3, 5, and 6; the People agreed to dismiss counts 1 (kidnapping to commit robbery) and 4 (possession of a forged driver's license); and Megaw would serve an aggregate prison term of 32 years 4 months, which included the upper term sentence of eight years on count 6, doubled to 16 years pursuant to the Three Strikes law. The trial court accepted the parties' plea agreement and imposed the agreed-upon aggregate prison sentence of 32 years 4 months, which consisted of: 16 years on count 6; a one-year enhancement pursuant to section 12022, subdivision (b)(1); a five-year enhancement pursuant to section 667, subdivision (a); five one-year enhancements under section 667.5, subdivision (b); two years on count 2; one year four months on count 3; and two years on count 5.

In February 2022, the Secretary of CDCR sent a letter to the resentencing court recommending that it: recall Megaw's sentence and resentence him pursuant to section 1170.03,

4

subdivision (a)(1),[4] and strike the section 667, subdivision (a) enhancement (CDCR letter). Attached to the letter was a cumulative case summary and evaluation report, which included a summary of the offenses for which Megaw was committed to state prison, Megaw's criminal and parole history, and a description of his conduct in prison.

Megaw filed a "Supplemental Motion In Support Of Resentencing," in which he reported having a traumatic childhood, certain mental health conditions, and a history of substance abuse.

In October 2022, the resentencing court held a hearing at which it recalled Megaw's sentence; struck the five one-year section 667.5, subdivision (b) enhancements because of a change in the law preventing the court from imposing them;[5] and reimposed the remainder of Megaw's prison sentence, resulting in an aggregate term of 27 years 4 months. Megaw timely appealed.

---

[4] "Effective June 30, 2022, '[t]he Legislature . . . renumbered section 1170.03 to section 1172.1, but made no substantive changes. [Citation.]' [Citation.]" (*People v. Braggs* (2022) 85 Cal.App.5th 809, 818.) We refer to section 1172.1 when addressing the statute governing Megaw's resentencing.

[5] This ruling is not challenged on appeal.

# DISCUSSION

**A.** **Senate Bill No. 567 Does Not Apply to a Sentence That Was the Product of a Plea Agreement and Thus Provides No Basis for Invalidating Megaw's Upper Term Sentence on Count 6[6]**

> *1.* *Section 1170, subdivision (b) and Senate Bill No. 567's amendments thereto*

When the trial court had initially sentenced Megaw in November 2016, section 1170, subdivision (b) provided in relevant part: "When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the choice of the appropriate term shall rest within the sound discretion of the court. . . . The court shall select the term which, in the court's discretion, best serves the interests of justice. The court shall set forth on the record the reasons for imposing the term selected . . . ." (Stats. 2015, ch. 378, § 1 [filed with the Sec'y of State on Sept. 30, 2015]; Cal. Const., art. IV, § 8, subd. (c)(2) [providing that this version of § 1170 became effective on Jan. 1, 2016].)

Years later, and pursuant to section 1172.1, the Secretary of CDCR recommended recall of Megaw's sentence. Section 1172.1 provides in pertinent part: "The court, in recalling and resentencing [a defendant upon the recommendation of the Secretary of CDCR], shall apply the sentencing rules of the Judicial Council and apply any changes in law that reduce sentences or provide for judicial discretion so as to eliminate

---

[6] Megaw acknowledges that count 6 was the only offense for which an upper term sentence was imposed.

disparity of sentences and to promote uniformity of sentencing." (See § 1172.1, subds. (a)(1)–(a)(2).)

Prior to the October 2022 resentencing hearing, Senate Bill No. 567 (2021–2022 Reg. Sess.) (Senate Bill No. 567) amended section 1170 effective January 1, 2022. (Stats. 2021, ch. 731, § 1.3 [filed with the Sec'y of State on Oct. 8, 2021]; Cal. Const., art. IV, § 8, subd. (c)(2) [providing that this version of § 1170 became effective on Jan. 1, 2022].) As amended by Senate Bill No. 567, section 1170, subdivision (b) now circumscribes a trial court's choice among three potential sentencing terms: "When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except as otherwise provided in [subdivision (b)(2)]." (Stats. 2021, ch. 731, § 1.3 [§ 1170, subd. (b)(1)].) As relevant here, newly-added subdivision (b)(2) in turn provides: "The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."[7] (Stats. 2021, ch. 731, § 1.3 [§ 1170, subd. (b)(2)].)

---

[7] The statute applies a different rule to prior convictions: "Notwithstanding paragraphs (1) and (2) [of subdivision (b)], the court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury." (Stats. 2021, ch. 731, § 1.3 [§ 1170, subd. (b)(3)].)

Finally, newly-added subdivision (b)(5) of section 1170 requires the trial court to "set forth on the record the facts and reasons for choosing the sentence imposed," and "[t]he court may not impose an upper term by using the fact of any enhancement upon which sentence is imposed under any provision of law." (See Stats. 2021, ch. 731, § 1.3 [§ 1170, subd. (b)(5)].)

### 2. *Senate Bill No. 567 does not apply to stipulated sentences imposed pursuant to plea agreements*

Courts of Appeal are split on whether Senate Bill No. 567's amendments to section 1170, subdivision (b) apply to stipulated sentences imposed pursuant to plea agreements. Division Five of the First District and the Fifth District have held these amendments do not apply to a stipulated sentence imposed pursuant to a plea agreement. (See *People v. Mitchell* (2022) 83 Cal.App.5th 1051, 1057–1059 (*Mitchell*), review granted Dec. 14, 2022, S277314; *People v. Sallee* (2023) 88 Cal.App.5th 330, 333–334 (*Sallee*), review granted Apr. 26, 2023, S278690). Division One of the First District and the Sixth District disagree. (See *People v. Todd* (2023) 88 Cal.App.5th 373, 377–381, review granted Apr. 26, 2023, S279154; *People v. Fox* (2023) 90 Cal.App.5th 826, 830.) This issue is pending before our high court.

Until we receive guidance from our high court, we conclude that *Mitchell* and *Sallee* are better reasoned. Megaw thus fails to demonstrate the resentencing court erred in imposing the high term as to Megaw's kidnapping conviction.

Megaw argues *Mitchell* and *Sallee* are "inapposite" because in those cases, "the original sentence was imposed before [Senate Bill No.] 567 became effective, but the opinion[s in those cases

8

were] issued after [Senate Bill No.] 567 was effective." Yet, *Mitchell* cited "well-established principles of statutory interpretation" to determine whether amended section 1170, subdivision (b) applies to "sentences imposed pursuant to stipulated plea agreements" (see *Mitchell*, *supra*, 83 Cal.App.5th at pp. 1057–1059, review granted), an analysis that would have been unnecessary if the date of the defendant's sentencing hearing (i.e., prior to Senate Bill No. 567's effective date) were determinative. Further, upon noting that the parties had not disputed that "Senate Bill No. 567 is retroactive to cases not yet final on appeal," the *Sallee* court remarked, "Accordingly, the issue before us is not whether Senate Bill No. 567 applies retroactively, but rather whether it applies at all in the context of a stipulated plea." (See *Sallee*, *supra*, 88 Cal.App.5th at p. 335, fn. 3, review granted.) We thus reject Megaw's effort to distinguish *Mitchell* and *Sallee* based on when the resentencing hearing occurred.

**B.     Megaw Fails to Demonstrate the Resentencing Court Erred In Declining To Dismiss the One-Year and Five-Year Enhancements Pursuant to Section 1385, Subd. (c)**

1.     *The trial court's authority to dismiss enhancements under section 1385, subdivision (c) and our standard of review*

Section 1385, subdivision (c)(1) provides for dismissal of enhancements in the interests of justice: "Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that

9

enhancement is prohibited by any initiative statute." (§ 1385, subd. (c)(1).)

Section 1385, subdivision (c)(2) provides guidance to the trial court in considering whether to dismiss an enhancement: "In exercising its discretion under . . . subdivision [(c)], the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) [of subdivision (c)(2)] are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety." (See § 1385, subd. (c)(2).) The statute also provides " '[e]ndanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others." (*Ibid.*)

The mitigating circumstances listed in section 1385, subdivision (c)(2) include: "Multiple enhancements are alleged in a single case"; "[t]he application of an enhancement could result in a sentence of over 20 years"; "[t]he current offense is connected to prior victimization or childhood trauma"; and "[t]he enhancement is based on a prior conviction that is over five years old." (§ 1385, subds. (c)(2)(B), (c)(2)(C), (c)(2)(E), & (c)(2)(H).) Under section 1385, subdivision (c), "if the court finds that dismissal of an enhancement 'would endanger public safety,' then the court need not consider the . . . mitigating circumstances [listed in subdivision (c)(2)]." (See *People v. Mendoza* (2023) 88 Cal.App.5th 287, 296 (*Mendoza*).)

Section 1385, subdivision (c)(3) sets forth when a trial court may exercise its discretion to dismiss an enhancement: "While the court may exercise its discretion at sentencing, this

10

subdivision does not prevent a court from exercising its discretion before, during, or after trial or entry of plea." (§ 1385, subd. (c)(3).) The Legislature has declared that subdivision (c) applies to "all sentencings occurring after January 1, 2022." (See *id.*, subd. (c)(7).)

We review for abuse of discretion a trial court's refusal to dismiss an enhancement because dismissal would endanger public safety. (See *Mendoza, supra,* 88 Cal.App.5th at p. 298.) Under that standard of review, " 'An exercise of discretion is subject to reversal on appeal where no reasonable basis for the action is shown. [Citation.]' [Citation.]" (*People v. Perez* (2015) 233 Cal.App.4th 736, 742.) Furthermore, "a trial court's factual findings are reviewed for substantial evidence, and its conclusions of law are reviewed de novo." (*In re White* (2020) 9 Cal.5th 455, 470.) Substantial evidence exists if, reviewing the " 'record in the light most favorable to the judgment[,]' " we conclude " ' " 'the circumstances reasonably justify the trier of fact's findings . . . .' " ' " (See *People v. Alvarez* (2014) 229 Cal.App.4th 761, 774 (*Alvarez*).)

Additionally, we are bound by the following "fundamental principles of appellate review: (1) a judgment is presumed correct; (2) all intendments and presumptions are indulged in favor of correctness; and (3) the appellant bears the burden of providing an adequate record affirmatively proving error." (*People v. Arter* (2017) 19 Cal.App.5th Supp. 1, 6.) "[A] natural and logical corollary to" these principles is "[t]he doctrine of implied findings[, which] requires the appellate court to infer the trial court made all factual findings necessary to support the judgment." (*Ibid.*)

2.    *Megaw fails to show the resentencing court abused its discretion in not dismissing the enhancements because dismissal would endanger public safety*

Megaw argues the resentencing court erred in failing to exercise its discretion under section 1385, subdivision (c) to dismiss the five-year enhancement imposed pursuant to section 667, subdivision (a) and one-year enhancement imposed pursuant to section 12022, subdivision (b)(1).  Megaw claims the court "failed to take into consideration" the following mitigating factors in section 1385, subdivision (c)(2):  "(1) multiple enhancements were alleged"; "(2) the application of the enhancement[s] . . . . result[ed] in a sentence of over 20 years"; "(3) the current offense is connected to prior victimization or childhood trauma"; and (4) one of "the enhancement[s] is based on a prior conviction that is over five years old."  (Citing § 1385, subds. (c)(2)(B), (c)(2)(C), (c)(2)(E), & (c)(2)(H).)  Megaw also appears to challenge whether substantial evidence supported the resentencing court's finding that dismissal of the enhancements would endanger public safety.[8]

At the October 2022 hearing, the resentencing court agreed with the People that there existed "an unreasonable risk" Megaw would commit an offense—a super strike—referenced in subdivision (c) of section 1170.18 because he perpetrated a kidnapping to commit robbery in violation of section 209,

---

[8] As we explain later in this part, the resentencing court found that shortening Megaw's sentence would endanger public safety because there was an unreasonable risk he would commit an offense identified in section 1170.18, subdivision (c).

12

subdivision (b)(1).[9]  In particular, the court remarked that the kidnapping victim "was moved about"; regardless of whether Megaw's accomplice was in fact "the leader,"[10] Megaw "participated" and "aided and abetted" in the offense and "was present during the entire time"; and the victim "was tied and . . . terrorized . . . ."  The court also stated that its finding of an unreasonable risk that Megaw would commit such an offense was "buttressed by the fact that, for a period of time . . . until [Megaw] picked up this last case, he didn't stay out of state prison for very long."  According to the court, Megaw "continued to go back to state prison on serious offenses[, a]nd that history is certainly a great predictor of future conduct."

By agreeing with the People that there was an unreasonable risk that Megaw would commit an offense identified in section 1170.18, subdivision (c), the resentencing court tacitly found there was a likelihood that shortening Megaw's sentence would result in physical injury or other serious danger to others, specifically, that dismissal of the enhancements

---

[9]  (See § 1170.18, subd. (c) [defining " 'unreasonable risk of danger to public safety' " as "an unreasonable risk that the petitioner will commit a new violent felony within the meaning of clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667"]; § 667, subd. (e)(2)(C)(iv)(VIII) ["Any serious or violent felony offense punishable in California by life imprisonment or death."]; § 209, subd. (b)(1) ["A person who kidnaps or carries away an individual to commit robbery . . . shall be punished by imprisonment in the state prison for life with the possibility of parole."].)  We reiterate that as part of the plea bargain, the People dismissed the count alleging kidnapping to commit robbery.  (Procedural Background, *ante*.)

[10]  Megaw's accomplice is not a party to this appeal.

13

would "endanger public safety" for the purpose of section 1385, subdivision (c), thereby obviating the need to assess the mitigating factors listed in that provision. (See § 1385, subd. (c)(2); see also *Mendoza*, *supra*, 88 Cal.App.5th at pp. 297–298 [holding that "consideration of the mitigating factors in section 1385(c)(2) is not required if the court finds that dismissal of the enhancement would endanger public safety," and observing that "determination of whether dismissal would endanger public safety . . . under section 1385(c)(2) is similar (though not identical) to the determination of whether 'resentencing the petitioner would pose an unreasonable risk of danger to public safety' " for the purpose of § 1170.18].)

We conclude that Megaw fails to rebut the presumption of correctness accorded to this ruling.

Regarding the circumstances of the kidnapping, Megaw argues, "The only information in the record is found in the CDCR letter which mirrors the information in the probation report which apparently was taken from police reports." Megaw does not assert that the court's observations concerning this offense are not substantiated by these documents. Indeed, Megaw acknowledges the probation report indicates that in March 2015: (1) Megaw and an accomplice, each armed with an air soft pistol, ordered a clerk at a motel to give them all the money from a cash register; (2) after obtaining approximately $270 from the cash register, Megaw and the accomplice "escorted the victim to [an] office"; (3) the accomplice "bound the victim's hands and feet with duct tape"; and (4) "[t]he two men then ransacked the office."

Megaw complains, "These facts were not found true beyond a reasonable doubt after a trial or admitted by Megaw," meaning

14

that newly-amended section 1170, subdivision (b)(2) barred the court from relying upon them at sentencing. As explained earlier in our Discussion, we have concluded that section 1170, subdivision (b) does not apply to stipulated sentences imposed pursuant to plea bargains. (See Discussion, part A.2, *ante*.) In addition, at Megaw's initial sentencing hearing, his counsel "stipulate[d] to a factual basis based on the information and attached reports and transcripts." Megaw does not address this stipulation, let alone argue that it has no import as to the resentencing court's reliance on facts set forth in the police reports and probation report. We thus reject Megaw's assertion that the court erred in relying on these documents. (See *People v. Evans* (2011) 200 Cal.App.4th 735, 756, fn. 12 [declining to address an argument that a party failed to support adequately].)

Megaw further complains that the resentencing court erroneously "refus[ed] to hear from the victim of the crime who was present at the hearing and willing to testify." We review this claim of error for abuse of discretion. (See *People v. Thomas* (2021) 63 Cal.App.5th 612, 626 [indicating that the "decision to admit or exclude evidence" is typically committed to the trial court's discretion].) Megaw correctly observes that his counsel had represented at the resentencing hearing that if called to the stand, the victim would testify: "Megaw's accomplice, . . . was the leader of what was supposed to be a robbery," the accomplice "ordered Megaw around during the crime"; Megaw "appeared to be under the influence of alcohol or drugs"; and he "was panicked and wanted to leave once the robbery was complete." Megaw argues, "The court's refusal to hear this evidence . . . directly contradicts the assertion that there was an unreasonable risk that Megaw would commit a crime which carried a life sentence."

15

He claims his counsel's representations regarding the victim's testimony "[i]nstead . . . suggest[ ] Megaw was surprised by [his accomplice's] escalation of a robbery into a kidnapping."

The resentencing court, however, found an unreasonable risk that Megaw would commit an offense referenced in section 1170.18 because, regardless of whether "he was the leader or he was a follower[,] . . . he was there[, h]e participated[, and h]e aided and abetted." The court's statements indicate that even if the victim had provided testimony consistent with the representations of Megaw's counsel, the court would still have concluded that Megaw had perpetrated a violation of section 209, subdivision (b)(1). Under these circumstances, we conclude the resentencing court did not abuse its discretion in declining to allow the victim to testify at the hearing. (See *People v. Ledbetter* (2014) 222 Cal.App.4th 896, 904 [" 'The law neither does nor requires idle acts.' "].)

Lastly, Megaw argues that the resentencing court erred in characterizing his performance on parole as "terrible." At his initial sentencing hearing, Megaw admitted he suffered several prior convictions for which he served terms in prison, including a 1998 conviction for robbery in violation of section 211; a 2008 conviction for burglary in violation of section 459; and a 2012 conviction for another burglary in violation of section 459. He pleaded nolo contendere to five offenses in the instant action, including a kidnapping and a second degree robbery. Thus, regardless of whether Megaw's performance *on parole* could be fairly characterized as terrible, the record substantiates the resentencing court's finding that Megaw had "continued to go back to state prison on serious offenses," which finding supports the court's conclusion there was an unreasonable risk that

16

Megaw would commit a serious offense in the future.  (See *Alvarez*, *supra*, 229 Cal.App.4th at p. 774 [holding that an appellate court should review the " 'record in the light most favorable to the judgment' " in assessing the trial court's factual findings].)

In sum, Megaw fails to show that the resentencing court erred in finding that reducing Megaw's prison term would endanger public safety.  For the same reason, Megaw does not establish the resentencing court abused its discretion in declining to dismiss the one-year enhancement imposed under section 12022, subdivision (b)(1) and the five-year enhancement imposed under section 667, subdivision (a).

## DISPOSITION

The judgment is affirmed.
NOT TO BE PUBLISHED.


BENDIX, J.


We concur:



ROTHSCHILD, P. J.



WEINGART, J.

17