Filed 7/18/25  P. v. Walton CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>   Plaintiff and Respondent,<br><br>   v.<br><br>CARL LEE WALTON,<br><br>   Defendant and Appellant. | B341269<br><br>(Los Angeles County<br> Super. Ct. No. NA063394) |

APPEAL from an order of the Superior Court of Los Angeles County, Richard M. Goul, Judge.  Reversed and remanded.

Leonard J. Klaif, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Kristen Inberg and Taylor Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Carl Lee Walton appeals from an order denying his petition for dismissal pursuant to Penal Code section 1203.41.[1]  Walton contends the trial court abused its discretion when it denied his petition.  The People concede the matter should be remanded for further proceedings.  We reverse and remand.

### FACTUAL AND PROCEDURAL BACKGROUND

In 2004, Walton was charged by information with second degree robbery (§ 211; count one) and possession for sale of cocaine base (Health & Saf. Code, § 11351.5; count two).  In March 2005, Walton pled no contest to count two and was sentenced to three years in state prison.  Pursuant to the plea agreement, count one was dismissed.

In July 2024, Walton filed a petition for dismissal of his conviction under section 1203.41.  Walton stated he was released from prison in 2007 and discharged from parole in 2009 or 2010.  He asserted he had not been convicted of any crimes since his discharge from parole, and he attached numerous documents reflecting his community engagement and personal and professional achievements from 2011 to 2021.  The People did not oppose the petition.

The following month, the trial court issued an order summarily denying the petition.  The order stated, "The Court having read and considered the Petition for Dismissal pursuant to Penal Code section 1203.41 and 17(b), rules as follows:  [¶] Petition is denied."  Walton timely appealed.

---

[1]  All further statutory references are to the Penal Code unless otherwise indicated.

## DISCUSSION

Walton argues the trial court abused its discretion in denying his petition.  The People concede remand is appropriate.  We agree.

Section 1203.41 provides:  "If a defendant is convicted of a felony, the court, in its discretion and in the interest of justice," may "permit the defendant to withdraw their plea of guilty or plea of nolo contendere and enter a plea of not guilty" and "shall dismiss the accusations or information against the defendant and the defendant shall be released from all penalties and disabilities resulting from the offense of which they have been convicted . . ." (§ 1203.41, subd. (a)(1).)  Relief is subject to certain conditions; "[f]or example, when a defendant has been sentenced to prison, two years must elapse since the completion of the defendant's sentence, the defendant cannot be on parole or probation or charged with the commission of an offense, and the defendant cannot be a person who is required to register as a sex offender." (*People v. Brown* (2025) 111 Cal.App.5th 384, 387.)

Walton contends the trial court abused its discretion in denying his petition, so we focus on that standard of review.  Ordinarily, we presume in support of a trial court's judgment or order the existence of every fact the court could reasonably deduce from the evidence.  (*People v. Perez* (2015) 233 Cal.App.4th 736, 741 (*Perez*).)  "Additionally, if the ruling below is correct ""upon any theory of the law applicable to the case, it must be sustained regardless of the considerations which may have moved the trial court to its conclusion.""" (*Ibid.*)  However, the discretion exercised by a court must not be ""a capricious or arbitrary discretion, but an impartial discretion, guided and controlled in its exercise by fixed legal principles.  It is not a

mental discretion, to be exercised *ex gratia*, but a legal discretion, to be exercised in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice.""" (*Id.* at p. 742.) "'An exercise of discretion is subject to reversal on appeal where no reasonable basis for the action is shown.'" (*Ibid.* [denial of motion to withdraw plea was reversed, where the ruling was contrary to "one-sided" evidence and trial court gave no reason for the denial].)

Here, the People do not dispute Walton was eligible to be considered for relief. Walton had not been convicted of any crimes since being discharged from parole, and he submitted numerous certificates highlighting his active community involvement and personal and professional achievements spanning from 2011 to 2021. The People did not file any objection, argument, or evidence in opposition to the petition that we might construe in favor of the court's denial. (*Perez*, *supra*, 233 Cal.App.4th at p. 742 ["had there been a conflict in the evidence, we could have relied on the evidence supporting the court's ruling, even if the court did not state the reason for its ruling"].) Only Walton's petition and supporting evidence were submitted for the court to consider.

"We do not hold a court must explain its rulings. . . . But when the evidence is one-sided and the court's summary ruling is contrary to that evidence, we do not know if the court rejected the evidence or accepted it and failed to apply the correct law to the situation." (*Perez*, *supra*, 233 Cal.App.4th at p. 742.) Under these circumstances, "[a] denial without any statement of a reason provides no reasonable basis for the denial." (*Id.* at p. 739.) "Perhaps the court did have a sound rationale, but we simply cannot reach this conclusion based on the order . . . The

decision is therefore subject to reversal." (*Moran v. Oso Valley Greenbelt Assn.* (2001) 92 Cal.App.4th 156, 161.)

## DISPOSITION

The trial court's order is reversed and the matter remanded for further proceedings consistent with this opinion.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


MORI, J.

We concur:


COLLINS, Acting P. J.


TAMZARIAN, J.